416    People ex rel. Levy Dairy Co. *v.* Wilson.

Third Department, July, 1917.    . [Vol. 179.

---

The People of the State of New York ex rel. Levy Dairy Company, Relator, *v.* Charles S. Wilson, as Commissioner of Agriculture of the State of New York, Respondent.

Third Department, July 2, 1917.

Agricultural Law — revocation of license to sell milk — proceeding instituted by Commissioner of his own motion — constitutional law — Agricultural Law, section 57 — failure to provide for notice of charges and hearing.

Section 57 of the Agricultural Law, which permits the Commissioner of Agriculture to revoke a license to purchase milk of his own motion where there has been a continued course of dealing by the licensee of such nature as to satisfy the Commissioner of the inability of the licensee to properly conduct the business, or of an intent to deceive or defraud customers, is unconstitutional and void in that it does not require that a notice of the time and place of hearing of a proceeding to revoke the license be given to the licensee.

Certiorari issued out of the Supreme Court and attested on the 23d day of January, 1917, directed to Charles S. Wilson, as Commissioner of Agriculture of the State of New York, commanding him to certify and return to the office of the clerk of the county of Albany all and singular his

proceedings had in revoking the license issued to the relator under section 55 of the Agricultural Law.

*Virginius Victor Zipris* [*Louis Marshall* of counsel], for the relator.

*Merton E. Lewis, Attorney-General* [*Charles M. Stern* and *C. T. Dawes, ·Deputy Attorneys-General*], for the respondent.

KELLOGG, P. J.:

In *People* v. *Beakes Dairy Co.* (179. App. Div. 942), decided herewith, we have considered the validity of section 55 of the Agricultural Law. The remaining question is whether the determination under review is valid under section 57 of the law, which permits a revocation of a license when the Commissioner is satisfied of the existence of the following " cases or either of them: * *. * 4. Where there has been a continual course of dealing of such nature as to satisfy the Commissioner of the inability of the applicant or licensee to properly conduct the business or of an intent to deceive or defraud customers."

A license to purchase milk under the Agricultural Law is a property right and the licensee cannot be deprived of it except upon due cause shown. We cannot assume that the statute intended to vest the Commissioner with absolute arbitrary power to destroy the value of the license at will and without an opportunity of a hearing. The policy of the law is that the owner shall not be deprived of his property rights without notice of the complaint against him and an opportunity to be heard in defense. (*Stuart* v. *Palmer,* 74 N. Y. 183.) The right to notice is fundamental, and so natural that it does not require discussion. If we read aright section 56 of the law, it is a statutory requirement here. By that section the Commissioner may investigate, upon complaint or upon his own motion, the conduct and transactions of the licensee, and when a complaint is filed with the Commissioner he shall attempt to secure an explanation or adjustment, failing in which he shall cause a copy of the complaint, together with a notice of the time and place of hearing to be given to the licensee. While the statute speaks

418    People ex rel. Levy Dairy Co. v. Wilson.

Third Department, July, 1917.    [Vol. 179.

only of an investigation after complaint made, reasonable and liberal interpretation of the statute carries with it the idea that the complaint is to be served and the notice of hearing to be given not only in cases where a complaint is made to the Commissioner but where the Commissioner himself causes the investigation. We see no reason why they should be given in one case and denied in the other, and the spirit of the practice treats a complaint and notice of the hearing as so important and just that it cannot be assumed that the Legislature contemplated them in one case and denied them in the other where the object of the proceeding in either case is to discipline the licensee or to deprive him of his license.

We then come to the question whether or not the relator had notice of the charges preferred against him and an opportunity to be heard thereon. The complaint by the Thousand Island Farms, Inc., alleged non-payment by the relator for milk furnished and its wrongful, inexcusable acts to avoid payment and also alleged non-payment to patrons at its station in Jefferson county. The defendant answered the complaint and testimony was taken. Apparently, the hearing was concluded December 12, 1916. The determination under review was made January 19, 1917. The determination does not refer in any way to the complaint or hearing. The Commissioner gives as the reason for his action that he is satisfied of the inability of the relator to properly conduct the business. It is perhaps fair to assume that the Commissioner made the order not deeming it a part of the hearing but based his action upon the general knowledge which he acquired from the hearing, from the information he received after the hearing was closed and his general information as to the relator.

As I understand the return of the Commissioner, after several denials, it alleges as the basis of his determination: (1) The complaint and the hearing had thereon; (2) affidavits from various patrons in Clinton county, alleging that the relator did not make payments to producers promptly. These papers formed no part of the hearing; (3) letters from a patron and from the agent of the United States Department of Agriculture, and from the secretary of a local league, and

another alleging non-payment or delinquency in paying patrons in Clinton county. These complaints formed no part of the hearing; (4) that the Commissioner had required the relator to give additional security to the extent of $95,000 and the relator unreasonably failed to comply with the order. We do not know which one of these reasons influenced the Commissioner. We must assume that each contributed to the result. We cannot say that upon the proceedings taken upon the hearing the Commissioner would have revoked the license and there is no means of determining that fact. He has clearly based his decision in part, if not in whole, upon *ex parte* statements which the relator never had an opportunity to answer. The relator in a way answered, or attempted to answer each of the charges made against it in the complaint and upon the hearing. We do not know whether or not they were answered to the satisfaction of the Commissioner.

We conclude that the Commissioner had not the right to base his action in whole or in part upon the affidavits and letters presented to him after the hearing was closed. We are not holding that the discretion and judgment of the Commissioner can be reviewed upon appeal; we are holding that where he seeks to revoke a license either upon complaint or of his own motion, the licensee is entitled to notice of the charges and an opportunity to be heard, and in this case that requirement has not been met. The determination should, therefore, be annulled, with costs.

WOODWARD, COCHRANE and SEWELL, JJ., concurred in result on the ground that the statute is unconstitutional; LYON, J., not voting.

Determination annulled, with fifty dollars costs and disbursements.