[1] This is a proceeding originating in City Court No. 1 of the City of St. Louis upon an information charging defendant, John C. Mosier, with the failure and refusal to surrender, upon demand, his driver's license which had been allegedly revoked. The information was founded upon Ordinance No. 41386, Sections 3767, Clause 4, and 3769. Following a conviction in City Court, defendant appealed to the St. Louis Court of Criminal Correction, where he was again found guilty and his punishment fixed at a fine of $50. His appeal to this court has been taken in the proper course.
[2] For the purpose of administering the city driver's license law, the ordinance creates a motor vehicle commission with power, among other things, to suspend or revoke any driver's license as ordered by a court of competent jurisdiction. The ordinance further provides that whenever a driver's license has been suspended or revoked by the commission, the license shall thereupon be surrendered to the commission by the licensee.
[3] By Section 3764 as amended and re-enacted by Ordinance 41978, it is provided that upon a plea of guilty or upon conviction of the violation of any provision of the drivers' license law or any other ordinance regulating the operation of motor vehicles upon the streets of the City of St. Louis, the judge of a court of competent jurisdiction "may" order the suspension by the commission of such person's driver's license for a period not to exceed six months in addition to any punishment that may be imposed.
[4] It is then provided in the same section that the judge "shall" order the revocation by the commission of the driver's license of any person upon his plea of guilty or his conviction of any of the following offenses: (1) manslaughter resulting from the operation of a motor vehicle; (2) driving while under the influence of intoxicating liquor or a narcotic drug; (3) perjury in connection with the registration of motor vehicles or the application for a chauffeur's license or a certificate of ownership; (4) any crime punishable as a felony under the law of Missouri or the United States; (5) conviction or forfeiture of bail upon three charges of careless driving or speeding, or a combination thereof, all within the preceding twelve months; and (6) conviction of driving a motor vehicle involved in an accident resulting in the injury or death of another person upon a charge of failing to stop to disclose his identity at the scene of the accident.
[5] By Section 3767 it is made unlawful to fail or refuse to surrender to the commission or any court having jurisdiction, upon demand, any driver's license which has been suspended or revoked as elsewhere provided in the ordinance; and by Section 3769 it is provided that any person who pleads guilty or is convicted of the violation of any provision of the preceding sections shall be deemed guilty of a misdemeanor and be punished by the imposition of a fine of not less than $25 or more than $500, or by imprisonment for not more than six months, or by both such fine and imprisonment.
[6] Section 3763 of the ordinance makes it the duty of the clerk of the two city courts *Page 119 
to transmit to the commission each day a record of the names and addresses of all persons pleading guilty or being convicted of violations of any ordinance relating to the operation of motor vehicles on that day, and also a record giving the names and addresses of all persons whose driver's licenses were revoked or suspended by the judge on that day. In addition he is required to transmit to the commission daily the license cards of all persons whose driver's licenses were revoked or suspended and surrendered to the court.
[7] On March 10, 1948, defendant was convicted in City Court No. 1 on a charge of speeding, and the fact of his conviction was thereupon reported by the clerk to the commission. Such conviction was reversed on appeal, and its only present importance is that it seems to have been the occasion for the license examiner to check defendant's record, which disclosed prior convictions for speeding on February 25, 1948, September 12, 1947, and July 24, 1947, all within the preceding twelve months.
[8] On March 17, 1948, the license examiner wrote the judge of City Court No. 1, calling attention to defendant's three convictions for speeding within the preceding twelve months, which, if true, made it mandatory on the judge to order the revocation of the defendant's driver's license. No legal proceeding was instituted, and no summons issued for defendant, but instead the judge, on March 27, 1948, elected to write defendant a personal letter, advising him that upon his third conviction for speeding on February 25, 1948, his driver's license had been automatically suspended for one year, and directing defendant to bring the license to the judge personally in court on March 31, 1948.
[9] On that date defendant appeared in court but failed or refused to surrender his license, whereupon the present information was filed charging him with a violation of the ordinance in such respect. We have already noted his conviction in City Court; his conviction on appeal to the St. Louis Court of Criminal Correction; and his subsequent appeal to this court, where the case is now before us for our review.
[10] While defendant stresses several points having to do with the admission of evidence, they all relate to the basic question of whether there was evidence to sustain his conviction upon the offense with which he was charged.
[11] There is no dispute about the facts, and the question for our decision is purely one of law.
[12] It is of course true that when defendant appeared in City Court in response to the judge's personal letter, he failed to surrender his driver's license, but did that fact make him guilty of the offense prescribed by the ordinance and denominated a misdemeanor punishable by fine or imprisonment or both? With due regard for the provisions of the ordinance itself, and in the light of fundamental principles of law, we cannot escape the conclusion that it did not.
[13] While it is recognized that a driver's license amounts to no more than a personal privilege extended to the operator of a motor vehicle by the state or municipal authorities, such a license, once granted, is nevertheless not to be revoked arbitrarily, but only in the manner and on the grounds provided by law.
[14] Under certain types of ordinances the power to suspend or revoke a driver's license is purely an administrative function to be exercised, not by the courts, but by some administrative office or board comparable to the local motor vehicle commission. However a distinguishing feature of the ordinance in question is that while it purports to give the commission the power to suspend or revoke any driver's license, the commission is not authorized to exercise such power of its own initiative, but only "as ordered by a court of competent jurisdiction". In other words, it is the court alone which has the power to order the suspension or revocation of the license, and in so doing the court acts judicially, and not in an administrative capacity. Schwaller v. May, 234 Mo.App. 185, 115 S.W.2d 207.
[15] Even though the ordinance prescribes no definite procedure for the suspension or revocation of a license, the very *Page 120 
fact that the court acts judicially in the exercise of such function necessarily implies that the defendant shall have such notice and such an opportunity to be heard as the nature of the particular case may require.
[16] It will be observed that Section 3764 provides for the revocation of a defendant's driver's license in six separate and distinct contingencies. In five of those contingencies revocation should immediately follow upon conviction of a single offense, such for instance as manslaughter resulting from the operation of a motor vehicle, or driving a vehicle while under the influence of intoxicating liquor or a narcotic drug. In the remaining contingency, and the one with which we are concerned in the case at bar, revocation does not follow upon conviction of a single offense, but upon conviction of three separate charges of careless driving or speeding, or a combination thereof, all within the preceding twelve months.
[17] Both by reason and by precedent it is apparent that when revocation immediately follows upon conviction because of the nature of the single offense, there is notice to the defendant, who has the opportunity to be present in court and defend against the charge which carries the penalty of revocation in addition to the other punishment prescribed. But when revocation depends, not alone on the nature of the offense, but also upon the number of convictions within a given period, then evidence must be produced of the fact, nature, and dates of the three convictions and of the identity of the licensee in each instance. All of these things the licensee is entitled to challenge, and in the absence of notice and an opportunity to be heard, an attempted revocation upon such ground is arbitrary and void. City of Rochester v. Falk, 170 Misc. 238, 9 N.Y.S.2d 343.
[18] Where the city authorities were wrong in the instant case was in assuming that revocation of the defendant's driver's license followed automatically upon the third conviction of speeding or careless driving within a year. It is true that in such a situation revocation is made mandatory upon the judge, which only means that in a proper case he has no discretion to refuse revocation as he has in all cases other than the six distinctly specified. But before he may declare revocation, he must first determine judicially, that is from competent evidence, that such conviction was the third conviction of the same defendant for the same offense within the preceding twelve months, none of which may be summarily determined and acted upon without notice to the defendant and an opportunity afforded him to appear and challenge the evidence against him.
[19] The city argues that defendant should have appealed from the order of the court revoking his license. The trouble with this is, as shown by the city's own evidence, that no such order had ever been made. On the contrary, defendant was asked to surrender his license upon the erroneous assumption that revocation had followed automatically upon the third conviction without regard to whether or not he was the same John C. Mosier who had been convicted on the two prior occasions.
[20] The offense with which defendant is charged is his failure or refusal to surrender to the court, upon demand, his driver's license which had been revoked as provided in the ordinance. In making demand an essential element of the offense, the ordinance necessarily contemplates a lawful demand, that is, a demand based upon a judicial act revoking the license upon some one of the grounds specified in Section 3764. In this case, since there had been no such judicial act or order, there was no legal basis to support the court's demand, and defendant consequently could not have been guilty of the offense of failing and refusing to surrender his license.
[21] It follows that the judgment of the St. Louis Court of Criminal Correction should be reversed and the defendant discharged. The Commissioner so recommends.