FARM CREDIT BANK OF ST. LOUIS, Plaintiff-Appellee, v. BONNIE J. LYNN *et al.*, Defendants-Appellants.

Third District   No. 3—90—0436

Opinion filed October 12, 1990.

Law Offices of Charles O. Henry, of Kankakee (Charles O. Henry, of counsel), for appellants.

Hatch, Blockman & McPheters, of Champaign (Jeffrey L. Fehrenbacher, of counsel), for appellee.

JUSTICE GORMAN delivered the opinion of the court:

The defendants, Bonnie J. Lynn and the Eastern Illinois Trust and Savings Bank, appeal an order preventing them from transferring certain property and requiring them to disclose certain names and addresses. We affirm.

The record shows that on February 23, 1990, the plaintiff, Farm Credit Bank of St. Louis, filed a verified complaint under the Uniform Fraudulent Transfer Act (the Act) (Ill. Rev. Stat. 1989, ch. 59, pars. 101 through 112). The plaintiff alleged the following: (1) it held a promissory note in the original amount of $195,000 from Bonnie J. Lynn and her ex-husband; (2) on December 30, 1988, Lynn executed two warranty deeds to the Eastern Illinois Trust and Savings Bank as trustee under trust No. 0338; (3) both deeds stated that they were exempt from transfer declarations under section 4(e) of the Real Estate Transfer Tax Act (Ill. Rev. Stat. 1989, ch. 120, par. 1004(e)); (4) section 4(e) exempted transfer declarations where the consideration was less than $100; (5) the Eastern Illinois Trust and Savings Bank later certified that Lynn did not own a beneficial interest in trust No. 0338; (6) on August 18, 1989, the plaintiff filed suit to collect money owed on the note; (7) Lynn refused to disclose the owners of the beneficial interest of the trust or the consideration she received for transferring the real estate; (8) Lynn was still a debtor to the plaintiff within the meaning of the Act; and (9) the transfer of real estate was fraudulent under the Act. The plaintiff sought various forms of relief, including an order preventing the defendants from transferring the real estate and requiring them to disclose the names and addresses of the holders of the beneficial interest in trust No. 0338.

The defendants moved to dismiss the complaint on the grounds that the Act was enacted after the alleged transfer and should not be given retroactive effect. After the trial court denied their motion, the defendants filed their answer to the complaint. They denied several of the plaintiff's allegations, including the assertions that Lynn was a debtor to the plaintiff and that the transfer was fraudulent. They also

alleged that the real estate was transferred for $205,000 and that Lynn was not insolvent at the time of the transfer.

The trial court subsequently enjoined Eastern Illinois Trust and Savings Bank from transferring the real estate. The court also ordered the defendants to disclose the names and addresses of the holders of the beneficial interest in trust No. 0338. The court did so so the plaintiff could identify and serve any other necessary parties to the action.

On appeal, the defendants first argue that the court lacked the power to issue an injunction. The defendants note that the predecessor to the Act did not expressly provide for injunctive relief. (See Ill. Rev. Stat. 1987, ch. 59, pars. 4 through 7.) Although the Act now provides for an injunction against the disposition of property or for any other relief the circumstances may require (Ill. Rev. Stat. 1989, ch. 59, pars. 108(a)(3)(A), (a)(3)(C)), the defendants argue that it should not be given retroactive effect.

■ The issue of whether a statute should be retroactively applied is primarily a question of legislative intent. (*Champaign County Nursing Home v. Petry Roofing, Inc.* (1983), 117 Ill. App. 3d 76, 452 N.E.2d 847.) Moreover, the issue should be decided on the basis of whether justice, fairness, and equity militate for or against the retroactive application of the statute to a particular class of persons. (*National Can Corp. v. Industrial Comm'n* (1986), 148 Ill. App. 3d 1079, 500 N.E.2d 437.) In applying these fundamental concepts, an important inquiry is whether retroactive application gives effect to, or defeats, the good-faith expectations of the members of the class. *National Can Corp.*, 148 Ill. App. 3d at 1083, 500 N.E.2d at 440.

■ Here, the Act replaced the provisions in the Statute of Frauds (Ill. Rev. Stat. 1989, ch. 59, pars. 1 through 18) addressing fraudulent conveyances. The legislature's express purpose was to harmonize Illinois law with the laws of other States. (Ill. Rev. Stat. 1989, ch. 59, par. 112.) Although the prior statute did not mention injunctive relief, it did not preclude a party from seeking an injunction under the common law. Under these circumstances, we find that justice would best be served by retroactive application of the injunction provisions. We therefore hold that the court had the power to issue an injunction.

The defendants next argue that even if the trial court had the power to enjoin the transfer of the property, it should not have done so. They contend that the factors justifying such relief were not present in this case.

■■ The purpose of a preliminary injunction is to preserve the

status quo until the case can be disposed of on its merits. (*Bismarck Hotel Co. v. Sutherland* (1980), 92 Ill. App. 3d 167, 415 N.E.2d 517.) A party seeking a preliminary injunction must establish the following: (1) it has no adequate remedy at law and will be irreparably injured if the injunction is not granted; (2) the threatened injury to it will be immediate, certain, and great, while the loss to the opposing party will be comparatively insignificant; (3) it has a reasonable likelihood of prevailing on the merits; and (4) granting the injunction will not injure the general public. (*Hoover v. Crippen* (1987), 151 Ill. App. 3d 864, 503 N.E.2d 848.) The decision of whether to grant a preliminary injunction rests within the sound discretion of the trial court, and appellate review is restricted to determining whether the trial court correctly exercised its broad discretion. *Central Building & Cleaning Co. v. Vodnansky* (1980), 84 Ill. App. 3d 586, 406 N.E.2d 32.

■ The instant plaintiff's verified complaint sufficiently alleged fraud under the Act. The injunction served to preserve the status quo and to prevent further possible fraud. Accordingly, we find that the court did not abuse its discretion in enjoining transfer of the property.

In conjunction with their previous argument, the defendants also contend that the trial court should not have ordered the disclosure of the names and addresses of the holders of the beneficial interest in trust No. 0338.

The purpose of the trial court's order was to allow the plaintiff to identify the holders of the beneficial interest so it could serve them with summonses and complaints. Under the plaintiff's allegations, such parties may be necessary for the resolution of the case. Additionally, disclosure of the names would impose no undue hardship on the defendants. We therefore find that the trial court did not err in ordering disclosure of the names and addresses.

The judgment of the circuit court of Iroquois County is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.