**Gary L. BRENNECKA, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. WD 47015.**

Missouri Court of Appeals, Western District.

June 22, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., James Artelle Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Edward Frederick Ford, III, Kansas City, for respondent.

Before FENNER, P.J., and SPINDEN and SMART, JJ.

FENNER, Presiding Judge.

Appellant, the Director of Revenue of the State of Missouri (the Director), appeals the order of the Circuit Court of Caldwell County, Missouri, granting limited driving privileges to respondent, Gary L. Brennecka, pursuant to section 302.309, RSMo 1986.

The facts relevant to this appeal are as follows: Brennecka was arrested for driving while intoxicated on April 19, 1992. After an administrative hearing, the Missouri Department of Revenue (the Department) entered its findings of fact and conclusions of law on June 11, 1992, revoking Brennecka's driving privileges for a one year period pursuant to sections 302.505 and 302.525, RSMo Supp.1992.[1] The Department's decision was mailed to Brennecka on June 18, 1992, and became final and effective on July 3, 1992.

On August 26, 1992, Brennecka filed a Petition for Hardship Driving Privileges alleging, in part, that use of his automobile is necessary to maintain his employment as a highway construction worker. The trial judge entered his order on September 28, 1992, granting limited driving privileges to Brennecka pursuant to section 302.309, RSMo 1986.

Section 302.309, RSMo 1986, was amended and the new version, found in the 1992 Supplement, became effective on July 1, 1992. Appellant concedes that Brennecka would have been eligible for hardship driving privileges under the original version of section 302.309. However, appellant contends that the amended version of section 302.309 is applicable to the case at bar. The amended version provides, in relevant part, as follows:

(5) No person is eligible to receive hardship driving privilege whose license has been suspended or revoked for the following reasons:

---

1. All references to sections 302.505 and 302.525 are to RSMo Supp.1992.

(i) [W]ho has received a revocation under subsection 2 of section 302.525 and who has not completed such revocation.

§ 302.309.3(5)(i), RSMo Supp.1992. The original version of section 302.309, in effect until July 1, 1992, did not contain this provision.

Section 302.525.2(2) provides that the period of license revocation shall be one year if the person's driving record shows one or more prior alcohol related enforcement contacts during the immediately preceding five years. It is undisputed that Brennecka's license was revoked pursuant to this statutory provision.

Brennecka contended that the amended version of section 302.309 does not apply to him because his arrest took place on April 19, 1992, and the amendments were not effective until July 1, 1992. The Director, however, contended that the amendments to section 302.309 did apply to Brennecka, thus barring him from being eligible to receive hardship driving privileges, because the license revocation went into effect on July 3, 1992 after the amendments went into effect.

The trial court disagreed with the Director's position, and found that the date that governs which version of the statute applies is the date of the incident that caused Brennecka's license to be administratively revoked in the first instance. The trial court found this date to be the date of Brennecka's arrest, April 19, 1992. Thus, the trial court concluded that the amendments were not applicable to Brennecka's case and that Brennecka was eligible for hardship driving privileges under section 302.309, RSMo 1986.

In its sole point on appeal, appellant argues that the trial court erred in so holding because the amendments to section 302.309 were in effect when Brennecka's license was revoked and when the hardship privilege was sought.

While the trial court was correct in finding the relevant date to be the date of

Brennecka's arrest, on April 19, 1992, it was incorrect in concluding that the amendments to section 302.309 were not applicable. We find that section 302.309.3(5)(i), RSMo Supp.1992, applied retrospectively to bar Brennecka from being eligible for hardship driving privileges, and we reverse. *See Buchheit v. Director of Revenue*, 856 S.W.2d 349, 350 (ED Mo.App.1993).[2]

Generally, a statute may not be applied retrospectively. *State v. Kummer*, 741 S.W.2d 285, 289 (Mo.App.1987); Mo. Const. art. I, § 13. However, there are two recognized exceptions to this rule: (1) where the statute is procedural only and does not affect any substantive right of the parties, and (2) where the legislature manifests a clear intent that it be applied retrospectively. *Gershman Investment Corp. v. Duckett Creek Sewer Dist.*, 851 S.W.2d 765, 767 (1993). Where the language of the amended version of the statute does not reflect a clear intent that the statute be applied retrospectively, the issue is whether the statutory change is procedural only and does not affect any substantive right of the parties. *Goldberg v. Goldberg*, 691 S.W.2d 312, 314 (Mo.App.1985). If the statute does affect substantive rights, there is a constitutional bar to retrospective application.

Because the amended version of section 302.309 does not state a clear legislative intent that the statute be applied retrospectively, we turn to an analysis under the other exception. A statute is substantive if it defines the rights and duties giving rise to the cause of action. *Gershman Investment Corp.*, 851 S.W.2d at 767. It is procedural if it prescribes the method of enforcing rights and carrying on the suit. *Id.* Substantive statutes take away or impair vested rights acquired under existing law, or create a new obligation or impose a new duty. *Id.*

In *Fisher v. Reorganized School District No. R–V*, 567 S.W.2d 647, 649 (Mo.

---

**2.** *Buchheit* was handed down on June 15, 1993 and, thus, was not yet final as of the time that this opinion was handed down.

banc 1978), the Missouri Supreme Court noted that a law is not retrospective in operation, within the terms of the constitution, *unless it impairs some vested right.* The court further stated that a vested right must be something more than a mere expectation based upon an anticipated continuance of the existing law. *Id.*

 It has long been held that a driver's license amounts to no more than a personal privilege extended to the automobile operator by state or municipal authorities. *Blydenburg v. David,* 413 S.W.2d 284, 289 (Mo. banc 1967); *City of St. Louis v. Mosier,* 223 S.W.2d 117, 119 (Mo.App. 1949). The issuance of a license to operate a motor vehicle does not create any contractual or vested right in the one to whom it is issued. *Barbieri v. Morris,* 315 S.W.2d 711, 713 (Mo.1958). The granting of a hardship driving privilege during a period of revocation is a matter of grace, and there is no vested right to receive it. *Williams v. Schaffner,* 477 S.W.2d 55, 57 (Mo. banc 1972). The determination as to whether to grant hardship driving privileges remains discretionary with the court, even if the driver has complied with the statutory requirements. *Robinson v. Director of Revenue,* 762 S.W.2d 872, 875 (Mo.App.1989). Because the granting of a license is considered a privilege and not a right, the applicable statute does not affect substantive rights and, therefore, can be applied retrospectively.

We conclude that section 302.309.3(5)(i), RSMo Supp.1992, applies to the case at bar, making Brennecka ineligible for hardship driving privileges.

Under the standard of *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976), we find that the trial court erroneously declared and applied the law. Accordingly, the judgment is reversed and the cause remanded for proceedings not inconsistent with this opinion.

All concur.