# UNITED STATES BANKRUPTCY APPELLATE PANEL

FOR THE EIGHTH CIRCUIT

---

No. 97-6027WM

---

In re:                                        *
                                              *
MELVIN ALBERT HEAPER,                         *
RUBY EMMA LEE HEAPER,           *
                                              *
                    Debtors.    *
                                              *
                                              *
MELVIN ALBERT HEAPER,           *
RUBY EMMA LEE HEAPER, and       *    APPEAL FROM THE UNITED
MARY EGAN,                      *    STATES BANKRUPTCY COURT
                                *    FOR THE WESTERN DISTRICT
                    Appellants, *    OF MISSOURI
                                              *
v.                                            *
                                              *
JACK E. BROWN, Trustee,                       *
                                              *
                    Appellee.   *

---

Submitted: September 30, 1997
  Filed: November 28, 1997

---

Before KRESSEL, SCHERMER and SCOTT, United States Bankruptcy Judges

SCHERMER, United States Bankruptcy Judge

Melvin Albert Heaper, his wife Ruby Emma Lee Heaper (the "Debtors") together with their adult daughter, Mary Egan, appeal an order from the bankruptcy court entering judgment in favor of Jack E. Brown, the Chapter 7 trustee (the "Trustee") on

the Trustee's Complaint to avoid an allegedly fraudulent transfer of real property by the Debtors to their daughter. The Trustee proceeded under § 544 of the Bankruptcy Code and § 428.020 of Missouri's Uniform Fraudulent Conveyance Act (Mo. Rev. Stat. §§ 428.010 - 428.090 (1986)) ("MUFCA") which was in effect at the time of the transfer.

Prior to commencement of the Trustee's action, however, the Missouri legislature repealed MUFCA and adopted Missouri's version of the Uniform Fraudulent Transfer Act (Mo. Rev. Stat. §§ 428.005 - 428.059 (1994)) ("MUFTA"). MUFTA contains a four-year limitations period while actions under MUFCA were subject to Missouri's general five-year limitation statute. Under MUFCA, the Trustee's action was timely, but under MUFTA, the Trustee's action would have been barred by the statute of limitations.

The Debtors and their daughter ("Defendants") contend that MUFTA controlled this transfer because it was the statute in effect when the Trustee filed his lawsuit, and thus, they assert that under MUFTA, the Trustee's action was time barred. The Trustee responds that MUFTA should not be applied retrospectively.

For the reasons below, we affirm the order of the bankruptcy court[1] holding that MUFTA should not apply retrospectively to transfers that occurred prior to its effective date. Accordingly, the five-year statute of limitations governing actions for fraud under MUFCA controlled this lawsuit and the Trustee's Complaint was timely.

---

[1] Chief Judge, Frank W. Koger, United States Bankruptcy Court for the Western District of Missouri.

2

## I. FACTUAL BACKGROUND

The facts relevant to this appeal are brief. The alleged fraudulent transfer occurred on September 23, 1991. On May 23, 1996, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.[2] On September 23, 1996, the Trustee filed an adversary Complaint against the Debtors and their daughter seeking to set aside the transfer of real property from the Debtors to their daughter as a fraudulent conveyance. The Trustee filed his original Complaint under § 544 of the Bankruptcy Code and Mo. Rev. Stat. § 428.024.1 (1994) which is the relevant provision under MUFTA for avoidance of transfers made with the intent to hinder, delay or defraud creditors. The Defendants filed a motion to dismiss the Trustee's adversary Complaint, asserting that the action was barred by the four-year statute of limitation of § 428.049 of MUFTA.

In reliance on its prior decision in In re Americana Services, Inc., 175 B.R. 1018, 1021 (Bankr. W.D. Mo. 1994), the court determined that the alleged fraudulent transfer, which antedated the enactment of MUFTA, should be governed by Missouri's predecessor MUFCA statutes and by the general five-year statute of limitations applicable to fraud. Then, holding that the Trustee's action was timely-filed under MUFCA and the applicable five-year limitation, the court denied the Defendants' Motion to Dismiss and granted a request by the Trustee to amend his Complaint to clarify that

---

[2] The Bankruptcy Code is 11 U.S.C. §§ 101-1330. All future references are to Title 11 unless otherwise indicated.

3

the Trustee was proceeding under MUFCA.[3]   After trial on the merits, the court held that the transfer of real property from the Debtors to their daughter was a fraudulent conveyance under MUFCA and the court set aside the transfer.

The sole issue on appeal is whether the court erred in its legal conclusion that MUFCA rather than MUFTA applied to this transfer. Defendants contend that MUFTA should have applied because it was the statute in effect when the Trustee filed his action.  Alternatively, Defendants assert that the court should have given retroactive effect to the procedural provisions of MUFTA even if the court applied the substantive provisions of MUFCA.  Defendants argue Missouri's savings statutes mandate that the procedural rules of MUFTA must control fraudulent transfer actions commenced after MUFTA's effective date.  For these reasons, Defendants contend that MUFTA's statute of limitations barred the Trustee's action.  The Trustee responds that the court properly refused to apply MUFTA retrospectively.

### III.   STANDARD OF REVIEW

Both parties agree that the only question before this court is the propriety of the bankruptcy court's application of MUFCA rather than MUFTA.  An appellate court reviews the bankruptcy court's findings of fact, whether based upon oral or

---

[3]   The court's order of December 31, 1996, which denies the Motion to Dismiss, recites that at hearing on the motion, the Trustee conceded that if he were bringing the Complaint under section 428.024.1 of MUFTA, the action would be time barred, but the Trustee asserted at the hearing that he intended to proceed under MUFCA and its five year limitations period.  The record indicates that the Trustee moved to amend his Complaint at hearing, and that in its December 31, 1996 order, the court granted leave to amend.

4

documentary evidence, for clear error, and reviews legal conclusions <u>de novo</u>.  <u>First Nat'l Bank of Olathe Kansas v. Pontow</u>, 111 F.3d 604, 609 (8th Cir. 1997); <u>Estate of Sholdan v. Dietz</u> (<u>In re Sholdan</u>), 108 F.3d 886, 888 (8th Cir.1997).   Whether the bankruptcy court applied the correct legal standard is a question of law which we review <u>de novo</u>.  <u>See</u>  <u>In re Martin</u>, 212 B.R. 316 (8th Cir. B.A.P. 1997).

## IV.  ANALYSIS

In 1992, Missouri adopted the Uniform Fraudulent Transfer Act, set out in Missouri statutes at §§ 428.005 - 428.059.  This act repealed and replaced, in its entirety, the state's prior fraudulent conveyance act, MUFCA found at §§ 428.010 -  428.090.  While MUFTA contains explicit terms extinguishing a cause of action for avoidance of a fraudulent transfer unless the action is brought within four years of the transfer, (or if later, within one year after the transfer could reasonably have been discovered), the predecessor act, MUFCA, did not contain a limitations period.   Instead, actions under MUFCA were subject to the five-year statute of limitations in § 516.120 of Missouri's general limitations statutes.

Nothing in the new fraudulent transfer act states that MUFTA should be applied prospectively or retrospectively.  The act merely states that its effective date is August 28, 1992.  Because the Trustee commenced his lawsuit to set aside the transfer after MUFTA became effective as well as after expiration of MUFTA's limitation period, the retroactive applicability of MUFTA to that transfer is critical to the success of Defendants' assertion that the action was time barred.

5

As a general proposition, a presumption exists against giving retroactive effect to a newly-enacted statute. <u>State ex rel. Wabash Ry. Co. v. Public Service Comm.</u>, 317 Mo. 172, 295 S.W. 86 (1927); <u>State v. Kummer</u>, 741 S.W2d 285, 289 (Mo. Ct. App. 1987). Article I, Section 13 of the Missouri Constitution prohibits enactment of statutes that are retrospective in operation.[4] There are, however, two recognized exceptions to the rule that a statute shall not be applied retrospectively: (1) where the legislature manifests a clear intent that it be applied retrospectively; and (2) where the statute is procedural or remedial only and does not affect any substantive right of the parties. <u>State ex rel. St. Louis-San Francisco Ry. Co. v. Buder</u>, 515 S.W.2d 409, 410 (Mo. 1974) (en banc) (exceptions cited in reverse order); <u>Gershman Investment Corp. v. Duckett Creek Sewer District</u>, 851 S.W.2d 765, 767 (Mo. Ct. App. 1993).

**Legislative Intent**

In the instant matter, there is no evidence that the legislature intended MUFTA to apply retrospectively. Indeed, almost every other bankruptcy court faced with the issue of retroactive application of its state's uniform fraudulent transfer act has stated that legislative

---

[4] Art. I, Section 13 provides "That no ex post facto law, nor law impairing the obligations of contracts or retrospective in its operations, or making any irrevocable grant of special privileges or immunities, can be enacted."

6

intent for retroactive application was lacking.  Almost unanimously,[5]

those

---

[5] Two Illinois appellate courts have applied the Illinois UFTA to transfers antedating enactment of the statute, but the cases involved a challenge to the court's power to enjoin further transfers, and although the courts acknowledged that the key to retroactive application is legislative intent, they decided the cases on the basis of whether justice, fairness and equity require retroactive application.  Cannon v. Whitman Corp., 569 N.E.2d 1114, 1118 (Ill. App. Ct.) appeal denied, 510 N.E. 2d (Ill.1991); Farm Credit Bank v. Lynn, 561 N.E.2d 1355 (Ill. App.Ct. 1990).

courts have held that their respective state's uniform fraudulent transfer acts apply prospectively only.  See BMG Music v. Martinez, 74 F.3d 87 (5th Cir. 1996) (holding that district court erred by relying on standards contained in uniform fraudulent transfer act because its effective date occurred after the subject transfer and the amended version of the statute was not applicable to the later transfer).  Accord  Fleet v. Rhode (In re Fleet), 122 B.R. 910 (E.D. Penn. 1990) (applying New Jersey law and holding that replacement of New Jersey's version of UFCA by UFTA is to be accorded prospective effect only); Smith v. McIntire (In re Smith),110 B.R. 597 (Bankr. M.D. Fla. 1990); Bay State Milling Co. v. Martin (In re Martin), 142 B.R. 260 (Bankr. N.D. Ill. 1992); Campbell v. Carroll Indus. Inc. (In re Carroll Indus. Inc.), 153 B.R. 100 (Bankr. D. N.H. 1993); Official Unsecured Creditors' Comm. v. Rachles (In re Rachles), 131 B.R. 782 (Bankr.  D.  N.J. 1991); Whittaker v. Carmean (In re Carmean), 153 B.R. 985 (Bankr. S.D. Ohio 1993); Scott v. Fifth Third Bank (In re Carrousel Motels, Inc.), 146 B.R. 733 (Bankr. S.D. Ohio 1992); In re Taubman, 160 B.R. 964 (Bankr. S.D. Ohio 1993).

Missouri courts have also limited application of MUFTA to prospective cases.  Behr v. Bird Way, Inc. 923 S.W.2d 470,473 n.3 (Mo. Ct. App. 1996) citing Aviation Supply Corp. v. R.S.B.O.I. Aerospace, Inc., 868 S.W.2d 118, 121 (Mo. Ct. App. 1993) (stating without apparent challenge from the litigants that because § 428.020 MUFCA was in effect at the time of the transfer, MUFCA would apply to the transaction in issue).

8

Thus, based upon the foregoing, we cannot say that the legislature intended to have MUFTA apply retrospectively.

Moreover, one of the purposes of the uniform law is to promote unanimity in application and construction of the uniform statutes throughout the enacting states.  Specifically § 11 of the Uniform Act (7A Uniform Laws Annotated, Master Edition) as adopted in Missouri in § 428.059 states that the act "shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of [the act] among the states enacting it."  Mo. Rev. Stat. § 428.059.  To give effect to the goal of uniformity, we agree with the other enacting states in holding that the act shall apply prospectively only.

**Procedural vs. Substantive Law**

Because the language of the amended statute does not reflect a clear intent that the statute should be applied retrospectively, we turn to the remaining exception: whether the statutory change is merely procedural or whether the change affects the substantive rights of the parties. Brennecka v. Director of Revenue, 855 S.W.2d 509, 511 (Mo. Ct. App. 1993).  If the statute affects a substantive right, there is a constitutional bar to retrospective application. Id.  If the change is purely procedural or remedial  however, then, the other exception to the prohibition on retrospective application of statutes may authorize retrospective use of a newly-enacted statute.

In Missouri, procedural law is understood to prescribe a method of enforcing rights or obtaining redress for their invasion while substantive law creates, defines and

9

regulates rights. Id. The distinction between substantive law and procedural law is that substantive law relates to the rights and duties giving rise to the cause of action, while procedural law is the machinery used for carrying on the suit.  Wilkes v. Missouri Hwy. and Transp. Comm., 762 S.W.2d 27, 28 (Mo. 1988) (en banc) (holding that an act abrogating sovereign immunity was procedural or remedial and therefore could be applied retrospectively).  Other courts have explained the distinction by observing that "[s]ubstantive statutes take away or impair vested rights acquired under existing law, or create a new obligation or impose a new duty."  Fletcher v. Second Injury Fund, 922 S.W.2d 402, 408 (Mo. Ct. App. 1996) citing Brennecka, 855 S.W.2d at 511 (holding that a statutory amendment imposing a 12.5% permanent partial disability threshold on a claimant before the claimant could invoke Missouri's Seond Injury Fund constituted a substantive change in law which could not be applied retroactively).  See also Gershman Investment Corp. v. Duckett Creek Sewer Dist., 851 S.W.2d 765, 767 (Mo. Ct. App. 1993) (holding that amended statutes governing priority of public sewer district's liens did not apply retrospectively to give the district's lien priority over prior recorded deeds of trust and liens because lien priority is a substantive, vested right).  But cf. Vaughan v. Taft Broadcasting Co., 708 S.W.2d 656 (Mo. 1986) (en banc) (resolving the issue that a change in the service letter statute which barred punitive damages should apply retrospectively because punitive damages were remedial and not substantive).

Missouri's Supreme Court has already determined, in the context of a change in time limits for filing a claim under Missouri's Workmen's Compensation Act, that a

10

change of limitation can be substantive and not merely procedural. Wentz v. Price Candy Co., 352 Mo. 1, 175 S.W.2d 852 (1943). Because the language implementing a new time limitation in the workmen's compensation statute in Wentz, was similar to the limitation language in MUFTA, the Wentz case provides helpful instruction.

In Wentz, the appellant was employed by the Price Candy Company and suffered an injury covered by Missouri's Workmen's Compensation Act. Under the compensation statute in effect at the time of her injury, the employee had six months from the date of injury to file a workmen's compensation claim. Approximately two weeks before expiration of the six-month limitation period, however, the legislature amended the statute extending the time to file claims from six months to one year. The employee finally filed her claim two months after the six month limitation expired, but well within the new limitation.

The court in Wentz addressed the issue of whether the new limitation statute was retroactive by propounding the question: "Is Section 3727 [the newly-amended statute] a statute of limitations which operates merely on the remedy? Or, is the time limit such an integral part of the right of action itself that its lapse extinguishes the right altogether?" Id. at 853. Ordinary statutes of limitations are held to affect the remedy only and therefore can be applied retroactively, but other limitations operate on the right rather than on the remedy and cannot be retroactive. Id. The court explained:

> "A wide distinction exists between statutes providing for a limitation upon the remedy, and special statutory limitations enacted in qualification of a given right. . . . The second class of statutes are more [than mere limitations on the remedy], for they create a right of action conditioned upon its enforcement within a prescribed period, the theory being that the

11

lawmaking body which has the power to  create the right may affix the conditions under which it is to be enforced so that compliance with those conditions is essential.  In other words, *where time is made the essence of the right created, the limitation is an inherent part of the statute. . . .* "

Id. quoting Schrabauer v. Schneider Engraving Product, 224 Mo. App. 304, 25 S.W.2d 529, 532

(Mo. Ct. App.1930) (emphasis added).

Applying this analysis to the workmen's compensation statute, the court reversed its prior

holding in Higgins v. Heine Boiler Co., 328 Mo. 493, 41 S.W. 2d 564 (1931), where it had stated

that the statute was not merely one of repose, but was instead "an inherent and inseparable part

of the statute out of which the particular right or remedy arises. . . ." Id.   In reversing this position,

the Wentz court focused on whether or not the limitations period operated to extinguish the right

to file a claim.  Analyzing this question, the court observed:

> Nowhere does the [new limitations] statute say the right to recovery shall be deemed extinguished if no claim is filed within the period.  Nowhere does it pronounce such right a nullity under such circumstances.  Indeed, the statute does not even mention the right.  Only the procedure to enforce the right is referred to-- 'No proceedings for compensation . . . shall be maintained' etc.  The time limit is made to operate expressly on the remedy . . . [and] a limitation upon a remedy is a mere statute of limitation or repose.

Wentz, 352 Mo. at 7, 175 S.W.2d at 855.

Based upon the foregoing analysis, the Wentz court determined that the limitations period in the

new statute could apply retrospectively to permit the otherwise late claim for workmen's

compensation.

Analyzing the language employed as the test in Wentz, we must conclude that MUFTA's

limitation period is not merely a statute of repose which acts upon the

12

remedy. Instead, the limitation is an inherent part of the statutory right to set aside an alleged fraudulent transfer, and unless a claim is filed within the time period, the right of recovery is extinguished. Section 428.049 of MUFTA clearly states that "[a] claim for relief or cause of action with respect to a fraudulent transfer or obligation under §§ 428.005 to 428.059 is extinguished unless the action is brought . . . [within the specified time periods]." Mo. Rev. Stat. § 429.049 (1994). This language provides precisely the nexus between the right and the statute of limitations that was lacking for the court in Wentz. We observe that the limitations period under the workmen's compensation statute in Wentz extended rather than shortened the limitations period of the predecessor statute while MUFTA shortens the limitations period applicable under its prior statute. This difference, however, does not detract from application of the reasoning in Wentz to our question on appeal.

Our conclusion that MUFTA's limitations period should not apply retrospectively is further supported by the fact that the limitations period is only one section of a comprehensive act that replaced the prior fraudulent conveyances act. Because many of the rights of debtors and creditors differ under the two acts, giving retroactive effect to MUFTA would impermissibly interfere with the vested rights of these parties. In re Smith, 110 B.R. 597, 599 (Bankr. M.D. Fla. 1990). For example, MUFCA required a creditor (or the trustee in bankruptcy) to prove the transferor's actual intent in making a fraudulent conveyance, while under MUFTA, such intent is not necessary if the transfer is for less than reasonably equivalent value and the debtor has insufficient assets or insufficient income to pay debts as they become due. See Mo. Rev. Stat. §

13

428.024(2)(a) and (b) (1994). Additionally, MUFTA permits a creditor to seek injunctive relief while MUFCA is silent on the issue. Bay State Milling Co., v. Martin (In re Martin), 142 B.R. 260, 264 (Bankr. N.D. Ill. 1992). These statutory differences demonstrate that MUFTA, as an entire act, affects the substantive rights of parties and as such, cannot be given retrospective effect. Fletcher v. Second Injury Fund, 922 S.W.2d at 408.

Nor should the limitations portion of MUFTA be excerpted out of the statute and applied retroactively. As discussed above, we hold that the limitations section of MUFTA itself creates or defines a substantive right. Wilkes, 762 S.W.2d at 28. To apply a statute that affects substantive rights retroactively violates constitutional principles.

Moreover, the plain language of MUFTA § 429.049 precludes such an argument. Section 429.049 specifically states that its limitations extinguish only those actions brought under §§ 429.005 to 429.059 of the new act. Thus, we reject the Defendants' alternative contention that the Trustee's right to otherwise proceed under MUFCA is limited by the statute of limitations period in MUFTA.

**Missouri's Savings Statutes**

Lastly, we turn to Defendants' argument that Missouri's savings statutes mandate that the "procedural" limitations of § 428.049 MUFTA control all avoidance actions brought after the effective date of the statute. Our conclusion above, that MUFTA, including its limitations section, is not a procedural statute but rather a substantive statute affecting vested rights, controls our analysis on this last issue.

14

It is well settled that whenever the legislature repeals an existing

statute, it is considered to have done so in contemplation of the

general saving clauses, and unless the legislature specifically makes

the repeal retroactive, it is presumed that those saving provisions are

to be incorporated by reference with the same effect as if the repealing

statute contained its own special saving clause.  Protection Mutual

Insur. Co. v. Kansas City, 551 S.W.2d 909, 912 (Mo. Ct. App. 1977).  In

this instance, Defendants contend that § 1.180 of Missouri's savings

statutes makes retroactive MUFTA's shortened limitations period.

Section 1.180 states:

> No action or plea pending at the time any statutory
> provisions are repealed shall be affected by the repeal; but
> the same shall proceed, in all respects, as if the statutory
> provisions had not been repealed, except that *all proceedings
> had after the repeal becomes effective are governed by
> procedural rules and laws then in effect*, insofar as they are
> applicable.

Mo. Rev. Stat. § 1.180 (1994) (emphasis added).

Defendants read the italicized language of this section to require

the court to apply MUFTA's four-year limitation to any action brought

after the effective date of the new statute.  Because we hold that MUFTA

is not a procedural statute, the limitations on actions therein do not

constitute a "procedural rule or law then in effect" to which § 1.180

applies.  In State ex rel. St. Louis-San Francisco Ry. Co. v. Buder, 515

S.W.2d 409 (Mo. 1974) (en banc), the Missouri Supreme Court rejected a

similar argument where the appellant attempted to apply a newly-enacted

statute retroactively by calling the provisions of the statute

"procedural."  The court remarked:

> It is best to keep in mind that the underlying repugnance to
> the retrospective application of laws is that an act or
> transaction, to which certain legal effects were ascribed at

15

the time they transpired, should not, without cogent reasons, thereafter be subject to a different set of effects

> which alter the rights and liabilities of the parties
> thereto.  Merely to label certain consequences as substantive
> and others as procedural does not give sufficient
> consideration to this principle . . . .

State ex rel. St. Louis-San Francisco Ry. Co., 515 S.W.2d at 411 (holding that a change in the

dollar limitations of liability under the wrongful death statute was not a procedural change and

could not apply retrospectively).

Thus, referring to § 428.049 as a procedural statute, so the time limitation of MUFTA may apply retrospectively, improperly neglects the general prohibition on retrospective application of laws.

We also observe that the repeal of MUFCA did not repeal § 516.120 which provides a general five-year statute of limitations for actions in fraud.  That procedural statute remained in effect at the time of the Trustee's action.  In fact, § 428.054 of MUFTA specifically provides that all principles of law or equity, supplement the new fraudulent transfer act unless displaced by the provisions of §§ 428.005 to 428.059.  When MUFTA applies to an action, its requirement that the action be brought within four years displaces or supercedes the general statutes of limitation.  However, because we conclude that MUFTA does not apply to this transfer, which occurred prior to MUFTA's effective date, MUFTA's limitation period does not displace or supercede § 516.120.  Accordingly, Defendants' last point on appeal is without persuasion.

## V.  Conclusion

For the foregoing reasons the decision of the bankruptcy court is affirmed.

17

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL
FOR THE EIGHTH CIRCUIT