**GREAT SOUTHERN SAVINGS AND LOAN ASSOCIATION,**
**Plaintiff–Appellant,**

v.

**Clay H. PAYNE, et al.,**
**Defendants–Respondents.**

No. 15841.

Missouri Court of Appeals,
Southern District,
Division One.

June 8, 1989.

Nicholas R. Fiorella, Gannaway, Fiorella, Cummings & Bennett, Springfield, for plaintiff-appellant.

James W. Kelley, Springfield, for defendants-respondents.

## PER CURIAM.

This appeal is from a judgment entered on March 31, 1988, ruling that § 140.405 RSMo, which became law on August 13, 1984, had prospective application only, and could not be applied retroactively. The statute concerns notice to interested persons and procedural steps to be taken in connection with the sale of real estate by reason of tax delinquencies.

The facts of the case, as evidenced by a stipulation entered into by the parties plus answers to interrogatories propounded to the parties or their agents, are as follows. On July 20, July 27, and August 3, 1983, notices appeared in the Springfield Newspapers, Inc., legal section that on August 22, 1983, all of Lot Thirteen (13) Block "C", Lakewood Hills First Addition, in Greene County, Missouri, would be sold by Greene County Collector Gene Wickliffe for the reason that real estate taxes on the property had not been paid for the years 1981 and 1982. Record title to the property at the time the notices were placed was in Dennis B. Foley and Rosalinde Foley, husband and wife. The Foleys did not receive actual notice from Wickliffe that their real estate was going to be sold and the proceeds used to pay the delinquent taxes and the expenses of the sale. The delinquent taxes for the years 1981 and 1982 were $20.66.

The sale was conducted as advertised on August 22, 1983. The highest bid for the property was from Clay H. Payne and his wife, Mary Cleve Payne. They paid $800 for the property and received a Certificate of Purchase of the property from the County Collector.

On March 16, 1984, the Foleys, who had no actual notice that the property had been sold at the tax sale, conveyed the real estate by warranty deed to Darrell Volz and his wife, Linda. On that same day, Great Southern Savings and Loan Association (Great Southern) made a construction loan to Mr. and Mrs. Volz in the amount of $55,000, which loan was secured by a deed of trust in favor of Great Southern. On July 2, 1984, Mr. and Mrs. Volz conveyed the property by warranty deed to Richard N. Wells and his wife, Marilyn. Great Southern loaned Mr. and Mrs. Wells $55,-000 to purchase the property from Mr. and Mrs. Volz, and took a deed of trust to secure payment of the loan.[1] On August

---

1. While we assume that the proceeds of the loan Great Southern made to Mr. and Mrs. Wells were used to pay off the construction loan made to Mr. and Mrs. Volz, there is nothing in the

23, 1985, since more than two years had passed since the date of the tax sale and no one had redeemed any right that they claimed they had in the property, which redemption right is spelled out in § 140.340, RSMo 1984, a collector's deed to the property was delivered to Mr. and Mrs. Payne who recorded it on September 4, 1985.

After Great Southern discovered that the collector's deed had been issued, it made a demand upon the Paynes, requesting that they relinquish their interest in the real estate by means of a quit claim deed. The reason assigned by Great Southern as the basis of their request was that the Paynes had lost any interest they might have had in the property by reason of their failure to comply with the provisions of § 140.405, RSMo 1984, which reads as follows:

> Any person purchasing property at a delinquent land tax auction, shall not acquire the deed to the real estate, as provided for in section 140.420, until he meets with the following requirement or until he makes affidavit that a title search has revealed no publicly recorded deed of trust, mortgage, lease, lien or claim on the real estate. At least ninety days prior to the date when he is authorized to acquire the deed, the purchaser shall notify any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate of the latter person's right to redeem his publicly recorded security or claim. Notice shall be sent by certified mail to any such person at his last known available address. Failure of the purchaser to comply with this provision shall result in his loss of all interest in the real estate.

The statute became effective August 13, 1984, which was approximately one year after the Paynes had purchased the real estate at the tax sale.

When the Paynes refused to comply with Great Southern's demand, Great Southern sued the Paynes, seeking to have their tax deed declared void, and to have Mr. and Mrs. Wells declared owners of the property. As the basis for its suit, Great South-

ern alleged that the reason the collector's deed was void was because the Paynes "failed to comply with the provisions of Section 140.405 RSMo."

The Paynes then filed a third party petition, bringing in as a party-defendant the County Collector, Gene Wickliffe, alleging that at the time he delivered the collector's deed to them, Wickliffe did not advise them that they were required to comply with the requirements of § 140.405 RSMo and, if it were held that they were, and that the deed was void because they failed to comply with the requirements of the statute, that Wickliffe should be required to reimburse them for any damages they may have suffered by reason of being required to relinquish such interest as they had in the property.

Following the filing of an agreed stipulation of facts, the trial court entered the following judgment:

> The above-entitled matter having been submitted to the determination of the Court by the above-named parties upon stipulated facts, the Court finds:
>
> Section 140.405 RSMo. applies only to tax sales which have occurred since the date Section 140.405 RSMo. became effective.
>
> It is therefore considered and adjudged by the Court that judgment be entered for Third–Party Plaintiffs; Clay H. Payne and Mary Cleve Payne, and Third–Party Defendant, Gene Wickliffe; and against Plaintiff, Great Southern Savings and Loan Association, and that Plaintiff take nothing by its Petition.

This judgment was later amended, because the claims raised in the third-party petition had not been ruled on by the trial court. The amendment reads as follows:

> The parties called the Court's attention to the fact that the previous Judgments have failed to rule the Third–Party Petition. The Court does hereby rule in favor of Third–Party Defendant and dismisses the Third–Party Petition.

Great Southern appealed, contending that the trial court erred in holding that

---

stipulation of facts entered into by the parties to

indicate such was the case.

§ 140.405 did not have retroactive application because it was procedural and remedial, in which case retroactive application was mandated, and that the Paynes had not acquired any vested right or interest in the real estate in question that would have been impaired or extinguished by the retroactive application to the statute. We disagree with the contention, and affirm the judgment of the trial court.

Statutes are generally presumed to operate prospectively unless the legislative intent that they be given retroactive operation clearly appears from the express language of the act or by necessary or unavoidable implication. *State ex rel. Missouri Highway v. Appelquist*, 698 S.W.2d 883, 895 (Mo.App.1985). We find neither express language nor necessary or unavoidable implication in the statute that it was meant to operate retroactively and, therefore, reject Great Southern's claim that it should be so construed.

If the legislature had intended that it be applied retroactively, the language of the statute would have read that any person who "has purchased" real estate at a delinquent land tax sale shall not acquire a deed to the land until he fulfills the statutory requirements, in addition to saying any person "purchasing," as the statute reads, which word connotes a meaning that the statute applies to future purchases.

In discussing the rationale behind the rule that statutes are to be applied prospectively, absent a clear legislative intent to the contrary, our Supreme Court has said:

> [T]he underlying repugnance to the retrospective application of laws is that an act or transaction, to which certain legal effects were ascribed at the time they transpired, should not, without cogent reasons, thereafter be subject to a different set of effects which alter the rights and liabilities of the parties thereto. Merely to label certain consequences as substantive and others as procedural does not give sufficient consideration to this principle, and notions of justice and fair play in a particular case are always germane.

*State ex rel. St. Louis–San Francisco Ry. Co. v. Buder*, 515 S.W.2d 409, 411 (Mo. banc 1974).

Such is the case here. Since the statute substantively affects the rights of all persons who purchase land at tax sales, and provides for the drastic remedy of the loss of the property they purchase if they do not conduct a title search and give notice to all parties claiming an interest in the property, the statute is not merely procedural, in which case retroactive application might be considered. Laws, such as the one in question which provide for penalties and forfeitures in case of noncompliance, are always given only prospective application. *State ex rel. Webster v. Cornelius*, 729 S.W.2d 60, 66 (Mo.App.1987).

The trial court's judgment in this case was correct. While the trial court's reasoning for its ruling, as set out in a memorandum dated March 25, 1988, a copy of which was mailed to the parties, may have been, as contended by the attorneys for Great Southern, erroneous reasoning on an issue not raised in the pleadings and stipulation, nor urged by either party in its suggestions filed with the trial court, that fact does not bar us from affirming the judgment if the law, as here, dictates that it should be affirmed. *Weber v. Knackstedt*, 707 S.W.2d 800, 804 (Mo.App.1986).

JUDGMENT AFFIRMED.

All concur.