Sherry Denise HASTINGS and Steven Shane HASTINGS, Respondents,

v.

Thomas E. VAN BLACK, Appellant.

No. WD 45004.

Missouri Court of Appeals, Western District.

April 21, 1992.

John C. Bragg, Jones & Bragg, Grandview, for appellant.

James M. Bradley, Jr., Keams Canyon, Ariz., respondents.

Before TURNAGE, P.J., and KENNEDY and BERREY, JJ.

TURNAGE, Presiding Judge.

Thomas Van Black filed a motion to intervene in a dissolution proceeding between Sherry Hastings and Steven Hastings after a judgment had been entered in that dissolution. The court dismissed the motion. On this appeal Van Black contends that he had a right to intervene under § 452.375.-4(3)(b), RSMo Cum.Supp.1990. Affirmed.

The Hastings' marriage was dissolved in February, 1982. Thereafter, Sherry Hastings and Van Black were married. At the time Van Black and she married, Sherry had custody of her son, Dustin Hastings. Dustin lived with Van Black and Sherry until their divorce in October, 1988. Van Black never adopted Dustin.

In March, 1991, Van Black filed a motion to intervene in the Hastings' dissolution case on the ground that he was the stepfather of Dustin and that in his separation agreement with Sherry it was agreed that Van Black would have visitation privileges with Dustin. Van Black alleged that he had been denied visitation with Dustin. By his motion to intervene Van Black sought to modify the Hastings' dissolution decree by which Sherry had been granted custody of Dustin to provide visitation rights for Van Black.

■ Van Black relies upon § 452.375.-4(3)(b). Section 452.375.4 provides:

4. Prior to awarding the appropriate custody arrangement in the best interest of the child, the court shall consider each of the following as follows:

(1) Joint custody to both parents, which shall not be denied solely for the reason that one parent opposes a joint custody award;

(2) Sole custody to either parent; or

(3) Third party custody or visitation:

(a) When the court finds that each parent is unfit, unsuitable, or unable to be a custodian, or the welfare of the child requires, and it is in the best interests of the child, then custody, temporary custo-

dy or visitation may be awarded to any other person or persons deemed by the court to be suitable and able to provide an adequate and stable environment for the child. Before the court awards custody, temporary custody or visitation to a third person under this subdivision, the court shall make that person a party to the action;

(b) Under the provisions of this subsection, any person may petition the court to intervene as a party in interest at any time as provided by supreme court rule.

Van Black contends that the statute grants any person the right to petition the court to intervene as a party in interest at any time. He contends this means that he could file a motion to intervene in the Hastings' dissolution action after final judgment had been entered in that action. He contends that intervention is proper even after judgment has been filed in a dissolution case because the court has continuing jurisdiction over minor children. He further contends that a former representative testified that the purpose of an amendment which added the words "at any time as provided by supreme court rule" to § 452.375.4(3)(b) was to allow Van Black to go into court to seek visitation rights after the judgment in the Hastings' dissolution had been entered.

The answer to Van Black's argument lies in the meaning of the term "intervene." In *Alamo Credit Corporation v. Smallwood,* 459 S.W.2d 731 (Mo.App.1970), the court held that an application to intervene made after final judgment was not timely. The court further stated:

Intervention is a process by which a third person is permitted to inject himself into a pending action to assert his rights against the claims therein being made by an original litigant. *Young v. Pressgrove,* 355 Mo. 204, 195 S.W.2d 516[2]. Intervention is thus ancillary to and contemporaneous with adjudication of the original action. In the oft-cited case of *Zeitinger v. Hargadine–McKittrick Dry Goods Co.,* 298 Mo. 461, 250 S.W. 913[2, 3], the court ruled that intervention was allowed only in an action "pending between others" and said: "A suit cannot,

within a reasonable interpretation of the words as thus used, be said to be pending when the issues have been judicially determined, or, in short, a judgment has been rendered therein."

*Id.* at 732[1–3].

From the above it is apparent that Van Black's motion to intervene in the Hastings dissolution could not be sustained after judgment had been entered in that case. While it is true that the court retains jurisdiction of minor children even after judgment is entered, such jurisdiction may not be exercised without notice and hearing. In short, an action must be commenced in which the court is requested to make some judgment affecting the child. Until an action is instituted which calls for the court to actually exercise its jurisdiction over a minor child, the jurisdiction of the court lies dormant. It would only be after an action is instituted that an action between others would be pending which would permit a motion to intervene to be proper. Here a judgment had been entered in the Hastings' suit and there was no pending action or suit in which the court was called upon to exercise its jurisdiction over Dustin. In that circumstance there was no pending action in which Van Black could seek to intervene.

■ Van Black further contends that the court erroneously declared the law when it held that the right to intervene granted in § 452.375.4(3)(b) refers to a pending action. Van Black points to the testimony of a former representative who testified that it was not the intention of the legislature to limit intervention to a pending custody case but to grant intervention even after the conclusion of a dissolution action. In *Commerce Bank v. Mo. Div. of Finance,* 762 S.W.2d 431, 435[2] (Mo.App.1988), this court held that statements of representatives concerning the intention of a statute are entitled to some weight where they are consistent with the statute and other legislative history but such statements are not controlling in determining legislative intent. The statement of the former representative is not consistent with the lan-

guage of the statute. Under *Alamo*, intervention is only ancillary to and contemporaneous with the adjudication of an action and is allowed only in an action pending between others. The rule of statutory construction is to ascertain the intent of the legislature from the language used and to consider the words in the statute in their plain and ordinary meaning. *Knight v. Fulton*, 773 S.W.2d 142, 143 (Mo.App. 1989). Here the legislature used the word "intervene." In the plain and ordinary meaning of "intervene," it requires that an action be pending between others before intervention may be granted. With no action pending between others, there was no suit or action in which Van Black could intervene. The court properly dismissed his motion to intervene.

The judgment is affirmed.

All concur.