GERSHMAN INVESTMENT CORP.,
Petitioner/Appellant,

v.

DUCKETT CREEK SEWER
DISTRICT, Respondent.

No. 62045.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 20, 1993.

Gerald K. Rabushka, Richard G. Byrd, St. Louis, for petitioner/appellant.

Niedner, Ahlheim, Bodeux & Dorseyy, Edward C. Ahlheim, Maryella Kelly, St. Charles, for respondent.

PUDLOWSKI, Judge.

This suit was brought to determine whether sections 249.255 and 249.645, RSMo Cum.Supp.1991, can be applied retrospectively to grant sewer liens priority over deeds of trust and liens recorded prior to the enactment of those statutes. The trial court granted judgment in favor of Respondent Duckett Creek Sewer District determining that the statute granted retrospective priority to sewer liens over pre-enactment deeds of trust. We reverse.

On November 4, 1986, Appellant Gershman Investment Corporation (Gershman) entered into a Mortgage Note Agreement (note) with Tyree and Claudette Tolson regarding a parcel of property located in St. Charles County. This note was secured by a deed of trust encumbering the property. Both the note and deed of trust were recorded in the county records on November 5, 1986.

Respondent Duckett Creek Sewer District (Duckett Creek) is a not-for-profit public sewer district. On May 9, 1991, Duckett Creek filed and recorded a sewer lien on the Tolson's property for unpaid user fee amounts of $893.68. On July 24, 1991, Duckett Creek filed and recorded a second sewer lien on the property in the amount of $1,010.62.

Between those two filing dates, on May 29, 1991, the state legislature passed and the governor signed into law an emergency statute, House Bill (HB) 299, which became effective immediately. This bill repealed sections 249.645 and 416.041 of the Revised Statutes of Missouri and established new sections 249.255 and 249.645. The relevant portion of section 249.255 states:

1. Should a public sewer district created and organized pursuant to constitutional or statutory authority place a lien upon a customer's property for unpaid sewer charges, the lien shall have priority as and be enforced in the same manner as taxes levied for state and county purposes.

The relevant portion of section 249.645 provides:

3. Should a lien be placed upon a customer's property by a public sewer district for unpaid sewer charges, the lien shall have priority as and be enforced in the same manner as taxes levied for state and county purposes.[1]

Gershman conducted a foreclosure sale pursuant to the terms of the deed of trust on October 7, 1991. Gershman purchased the property at this trustee sale for an amount equal to the indebtedness due on the note.

On November 14, 1991, Duckett Creek notified Gershman of its claim that the sewer liens had priority over the deed of trust. Duckett Creek threatened to disconnect sewer service to the property unless Gershman satisfied the sewer liens.

---

1. Both sections will be referred to collectively as "the statute."

Gershman filed its Petition for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, and to Quiet Title on December 19, 1991. Duckett Creek admitted all of the facts in its Answer and by stipulation at trial on April 3, 1992. The parties further stipulated that since 1983 Duckett Creek has had the ability to file a lien against property for sewer services.

At trial state representative Richard Dorsey testified that he was the author of HB 299. He stated that his intent as drafter of the bill was that sewer district liens would have priority over existing deeds of trust and liens. He also testified that before the enactment of HB 299, prior recorded deeds of trust had priority over sewer liens. Thus, sewer liens were extinguished when a deed of trust was foreclosed.

State representative Ted House testified that he was the sponsor of HB 299. He stated that his purpose in sponsoring HB 299 was to provide sewer liens the same priority as county taxes. Representative House also testified that he had not taken a poll of the members of the House of Representatives to determine their intent in voting for HB 299 and that he never has taken a poll.

On April 24, 1992, the trial court entered an order denying Gershman's petition. Gershman appeals from that order.

Because HB 299 grants sewer liens the same priority as tax liens, sewer liens have priority over all subsequently recorded liens. The issue in this case is whether sections 249.255 and 249.645 grant priority to sewer liens over deeds of trust recorded before the enactment date of that statute. Gershman argues that the retrospective application of these sections violate article I, section 13 of the Missouri Constitution.

█ Article I, section 13 of the Missouri Constitution provides that no ex post facto law, nor law impairing the obligations of contracts nor retrospective in its operation shall be enacted. There are, however, two recognized exceptions to the rule that a statute shall not be applied retrospectively: (1) where the statute is procedural only and does not affect any substantive right of the parties, and (2) where the legislature manifests a clear intent that it be applied retrospectively. *State ex rel. St. Louis–San Francisco Ry. Co. v. Buder*, 515 S.W.2d 409, 410 (Mo. banc 1974).

█ The first exception entails determining whether the statute is procedural or substantive. Substantive law defines the rights and duties giving rise to the cause of action, while procedural law prescribes the method of enforcing rights and carrying on the suit. *Wilkes v. Mo. Highway and Transp. Com'n*, 762 S.W.2d 27, 28 (Mo. banc 1988). Substantive statutes take away or impair vested rights acquired under existing law, or create a new obligation, impose a new duty, or attach a new disability to past transactions. *Danaher v. Smith*, 666 S.W.2d 452, 455 (Mo.App.1984). We find that the statute affects the substantive rights of lienholders.

In *Spitcaufsky v. Hatten*, 182 S.W.2d 86 (Mo.1944), the Missouri Supreme Court determined that the enjoyment of priority status over another lien is a vested right that is protected by the Missouri Constitution. Gershman had a vested right in the priority of its pre-enactment deed of trust over the later recorded sewer liens of Duckett Creek. The displacement of this deed of trust to a lower priority than the sewer liens impaired and could potentially take away[2] this vested right. Also, it is the altering of the priorities, not that Gershman loses its top priority, that impairs the vested right. Lien *priority* defines the extent of the parties' right by regulating the order of payment. It is not merely a procedural method of enforcing a right, nor is it analogous to a remedial expansion of an existing mechanic's lien as in *S & R Builders & Suppliers, Inc. v. Marler*, 610 S.W.2d 690 (Mo.App.1980).

Furthermore, notions of justice and fair play, made a consideration by the *Buder*

---

**2.** At a foreclosure on the sewer lien, the deed of trust would be extinguished if Gershman did not pay off the senior lien.

court, support Gershman's position. *See* 515 S.W.2d at 411. The priority structure has been relied upon by Gershman and other lenders in drafting this and other deeds of trust throughout the state. Lenders aware of the existing priority structure establish escrow requirements to satisfy liens such as real estate tax liens which they know have priority over the deeds of trust. Allowing retrospective priority would require lenders to satisfy unanticipated sewer liens from their own funds in order to protect their deeds of trust.

For the same reasons as stated above, Duckett Creek's argument that the right to create a sewer lien existed prior to recording the deed of trust is not compelling. Whether a statute creates the power to file superior liens or changes the priority of liens under an existing statute, the vested rights of pre-enactment liens will be impaired. Because sections 249.255 and 249.645 impair substantive rights, they are not to be applied retrospectively. *See Reinerd v. A.B. Chance Co.*, 800 S.W.2d 777 (Mo. App.1990).

The second exception requires determining whether the legislature clearly expressed its intent that the statute be applied retrospectively. Gershman argues that the legislative intent in enacting HB 299 was not to grant priority to all sewer district liens over all previously recorded deeds of trust. Gershman submits that the intent was to grant only post-enactment sewer district liens priority over deeds of trust recorded post-enactment.

■ It is settled law that state tax liens are superior to all other liens. *Stafford v. Fizer*, 82 Mo. 393, 397 (Mo.1884); *Jaicks v. Oppenheimer*, 264 Mo. 693, 175 S.W. 972, 973 (1915); and *Lucas v. Murphy*, 348 Mo. 1078, 156 S.W.2d 686, 689 (1941). Duckett Creek contends, therefore, that granting sewer district liens this same status mandates a determination that the intent of the legislature was for HB 299 to operate retrospectively.

This reasoning ignores the holding of *Lucas*, however, where the Court found that a lien for unemployment compensation taxes was not superior to a deed of trust

recorded prior to the enactment of the unemployment compensation tax. Regarding the application of statutes the Court stated "the uniform rule is that [statutes] must be held to operate prospectively only, unless the intent is clearly expressed that they shall act retrospectively, or the language of the statute admits of no other construction." *Lucas*, 156 S.W.2d at 690; *see also Great Southern Sav. and Loan v. Payne*, 771 S.W.2d 940, 943 (Mo.App.1989).

In this case, the legislature did not clearly express its intent that the statute operate retrospectively and the statute itself admits of prospective construction. Duckett Creek relies on the testimony of Representatives Dorsey and House to establish the legislative intent that the statute apply retrospectively.

Under the holding of *Missourians For Honest Elections v. Mo. Elections*, 536 S.W.2d 766, 774–75 (Mo.App.1976), the individual intent of these legislators alone does not establish the intended construction of this statute, when its provisions are express and unambiguous. The *Missourians For Honest Elections* court explained that "statements and representations made before an election held to vote on a constitutional amendment ... are neither conclusive nor persuasive evidence on the courts when called on to construe a particular proposition adopted.... This principle would apply to any legislative enactment." *Id.* at 775 (quoting *St. Louis County v. State Highway Commission*, 409 S.W.2d 149, 152 (Mo.1966)).

Duckett Creek cites *Hastings v. Van Black*, 831 S.W.2d 214 (Mo.App.1992) in an attempt to show a recent trend in favor of granting some weight to the representatives' testimony. "[S]tatements of representatives concerning the intention of a statute are entitled to some weight where they are consistent with the statute and other legislative history but such statements are not controlling in determining legislative intent." *Id.* at 215. The *Hastings* court went on to hold that the representatives statements were not consistent with the plain and ordinary language of the statute. *Id.*

The testimony of Representatives' House and Dorsey do not sufficiently establish that the legislature intended the statute to operate retrospectively. From a factual stand point, they testified they had no knowledge of other representatives intent in voting for HB 299. From a legal stand point there was no other evidence of legislative history to predicate their opinion. Finally, their observations were not in harmony with the plain wording of the statute.

The combination of the phrases "should a lien be placed" and "the lien shall have priority" signifies legislative intent of prospective application. The use of future tense indicates that sewer liens placed on the property after the enactment of the statute will have priority. If the statute were intended to grant priority to sewer liens on the property before the enactment of the statute, the legislature would have used clear and express language indicating retrospective application, *Payne*, 771 S.W.2d at 943, such as "a lien that has been placed" and "the lien has priority." The rule of statutory construction is to ascertain the intent of the legislature from the language used and to consider the words in their plain and ordinary meaning. *Hastings*, 831 S.W.2d at 216. The evidence is inconsistent with the unambiguous and plainly drafted future tense of the statute.

Because the statutory language admits of prospective construction, the reduction in priority status of pre-enactment deeds of trust is not a necessary or unavoidable implication. *See Payne*, 771 S.W.2d at 943. Sections 249.255 and 249.645 are not to be applied retrospectively and do not grant priority to sewer liens over other pre-enactment liens. The trial court erroneously denied Gershman's petition. The judgment of the trial court is reversed.

CRANDALL, P.J., and GRIMM, J., concur.