**Daniel Allen RODNEY, Respondent,**

v.

**DIRECTOR OF REVENUE, State
of Missouri, Appellant.**

No. 18510.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 19, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

No appearance for respondent.

PARRISH, Chief Judge.

The Director of Revenue (the director) appeals an order that granted hardship driving privilege to Daniel Rodney (respondent). This court reverses.

Respondent was arrested for driving while intoxicated on April 26, 1992. Following an administrative hearing held on June 30, 1992, respondent was notified July 23, 1992, that his driving privileges were revoked for one year effective October 2, 1992. The revocation was based on § 302.-525.2(2)[1]—respondent had a "prior alcohol related enforcement" contact in 1989.

The issue presented by this appeal is whether § 302.309, that became effective July 1, 1992, is applicable to respondent or whether the prior version of that statute applies. The director concedes that respondent would have been eligible to receive hardship driving privilege under the predecessor version of the statute.

Section 302.309.3(5) provides, as pertinent to this appeal:

No person is eligible to receive hardship driving privilege whose license has been suspended or revoked for the following reasons:

. . . . .

(i) ... [W]ho has received a revocation under subsection 2 of section 302.525 and who has not completed such revocation.[2]

The trial court, in granting the hardship driving privilege, applied the statute as it existed prior to July 1, 1992. It concluded that since the revocation was based on the date of the arrest,[3] in this case April 26, 1992, § 302.525, that became effective July 1, 1992, did not apply retroactively.

The director argues that the statute is procedural, not substantive, and, therefore, applies retroactively. This question was discussed at length in a case recently decided by the Western District of this court, *Brennecka v. Director of Revenue*, 855 S.W.2d 509, 511–12 (Mo.App.1993). The Western District held:

A statute is substantive if it defines the rights and duties giving rise to the cause of action. *Gershman Investment Corp. [v. Duckett Creek Sewer Dist.]*, No. 62045, slip op. at 4 [851 S.W.2d 765, 767

1. References to statutes are to RSMo Supp.1992.

2. § 302.525.2(2) requires the driver's license of a person who had one or more prior alcohol related enforcement contacts during the immediately preceding five years to be revoked for one year.

3. *See* § 302.505.1.

(E.D.Mo.App. April 20, 1993) ]. It is procedural if it prescribes the method of enforcing rights and carrying on the suit. *Id.* Substantive statutes take away or impair vested rights acquired under existing law, or create a new obligation or impose a new duty. *Id.*

.   .   .   .   .

It has long been held that a driver's license amounts to no more than a personal privilege extended to the automobile operator by state or municipal authorities. *Blydenburg v. David,* 413 S.W.2d 284, 289 (Mo. banc 1967); *City of St. Louis v. Mosier,* 223 S.W.2d 117, 119 (Mo.App.1949). The issuance of a license to operate a motor vehicle does not create any contractual or vested right in the one to whom it is issued. *Barbieri v. Morris,* 315 S.W.2d 711, 713 (Mo.1958). The granting of a hardship driving privilege during a period of revocation is a matter of grace, and there is no vested right to receive it. *Williams v. Schaffner,* 477 S.W.2d 55, 57 (Mo. banc 1972). The determination as to whether to grant hardship driving privileges remains discretionary with the court, even if the driver has complied with the statutory requirements. *Robinson v. Director of Revenue,* 762 S.W.2d 872, 875 (Mo.App. 1989). Because the granting of a license is considered a privilege and not a right, the applicable statute does not affect substantive rights and, therefore, can be applied retrospectively.

*Id.* See also *Buchheit v. Director of Revenue,* 856 S.W.2d 349, 350 (Mo.App.1993); and *Jones v. Director of Revenue,* 855 S.W.2d 495, 496–97 (Mo.App.1993).

Section 302.309.3(5)(i) is the applicable statute. Respondent was not eligible for hardship driving privilege. The order of the trial court that granted hardship driving privilege is reversed.

CROW, P.J., and SHRUM, J., concur.