**ST. LOUIS INVESTMENT PROPERTIES, INC., Plaintiff/Appellant,**

v.

**The METROPOLITAN ST. LOUIS SEWER DISTRICT, Defendant/Respondent.**

No. 63540.

Missouri Court of Appeals, Eastern District, Division Two.

March 29, 1994.

Robert E. Jones, William L. Hetlage, Jones Korum & Jones, Clayton, for appellant.

Jeffrey J. Kramer, St. Louis, for respondent.

CRANE, Presiding Judge.

Plaintiff, St. Louis Investment Properties, Inc., brought a declaratory judgment action against defendant, The Metropolitan St. Louis Sewer District (MSD), seeking an order declaring 1) that MSD was not empowered to enforce its sewer charges with a lien against two parcels of real estate located in St. Louis County, 2) that the MSD notices of lien on the two properties were subject to prerecorded deeds of trust, and 3) that the MSD notices of lien were extinguished by foreclosures of those deeds of trust. The parties filed cross-motions for summary judgment and a joint stipulation of facts and exhibits. The trial court entered summary judgment in favor of MSD.

Plaintiff appeals on grounds that the judgment was erroneous as a matter of law. We find that MSD had authority to impose liens for delinquent sewer service charges on the property served, but did not have authority to give those liens priority over previously recorded deeds of trust which had been recorded prior to the enactment of § 249.255 RSMo (Cum.Supp.1991). Accordingly, we affirm that part of the judgment finding that

MSD was empowered to enforce collection of its sewer service charges by imposing liens on the real property served. We reverse the remainder of the judgment and remand.

MSD is a public sewer district created and organized pursuant to § 30(a) and (b), art. VI of the Missouri Constitution. Plaintiff, a wholly owned subsidiary of Boatmen's National Bank, holds, manages, and markets property obtained through foreclosure. Plaintiff purchased the two parcels of land at issue in this case, which the parties identify as "Parcel 1" and "Parcel 2", at separate foreclosure sales. Plaintiff subsequently executed continuing indemnity agreements with a title insurance company to insure the parcels without exception for the MSD sewer liens on the property.

Prior to plaintiff's purchase, the relevant history of each parcel is as follows:

### PARCEL #1

| | |
|---|---|
| Moeller Deed of Trust | 1/3/83 |
| MSD 1st Notice of Lien | 6/19/86 |
| Foreclosure on Moeller Deed of Trust | 8/12/86 |
| | |
| Boatmen's Bank Deed of Trust | 3/17/87 |
| MSD 2nd Notice of Lien | 8/15/90 |
| Foreclosure on Boatmen's Deed of Trust | 5/16/91 |

### PARCEL #2

| | |
|---|---|
| Boatmen's Bank Deed of Trust | 10/15/87 |
| MSD Notice of Lien | 10/22/91 |
| Foreclosure on Boatmen's Deed of Trust | 10/31/91 |

MSD sewer charges became delinquent in July, 1985 on Parcel 1 and in July, 1989 on Parcel 2.

In 1955 MSD enacted an ordinance which allowed it to impose a lien on real estate for delinquent sewer service charges which had priority over all other liens *except* taxes, deeds of trust then of record, and prior judgments. This provision became effective January 1, 1956 and was contained in subsequent ordinances until 1973. In 1973 an ordinance became effective which gave MSD liens priority over all other liens, *including,* among others, deeds of trust. This provision was contained in subsequent ordinances which were in effect until August 24, 1988. The ordinance which became effective on August 24, 1988, and subsequent ordinances, provided that delinquent MSD sewer service charges could be enforced by lien, but did not mention priority.

Section 249.255 became effective on May 29, 1991. It provided that if a public sewer district places a lien upon a customer's property for unpaid sewer charges, that lien would have the same priority as state and county taxes. Subsequently this court held that § 249.255 and a similar statute relating to sewer districts in other counties cannot be applied retrospectively to grant sewer liens priority over deeds of trust and liens recorded prior to the enactment of that statute. *Gershman Investment Corp. v. Duckett Creek Sewer District,* 851 S.W.2d 765, 769 (Mo.App.1993).

In granting summary judgment for MSD, the trial court found that prior to May 29, 1991 MSD was empowered to enforce collection of its sewer service charges by imposing liens on the real estate served. It also found that MSD notices of lien recorded on June 19, 1986 and August 15, 1990 on Parcel 1 were not subject to the Moeller or Boatmen's deeds of trust, and the MSD notice of lien recorded on October 22, 1991 on Parcel 2 was not subject to the Boatmen's deed of trust. It further found that the MSD liens on the two parcels were not extinguished by the foreclosures of the deeds of trust.

The version of Rule 74.04(c) which was in effect at the time this matter was before the trial court provided that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Our review of a summary judgment is essentially *de novo. ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). We use the same criteria for testing the propriety of summary judgment as used by a trial court in determining whether to sustain the motion. *Id.* "The burden on a summary judgment movant is to show a right to judgment flowing from facts about which there is no genuine dispute." *Id.* at 378. "The key to summary judgment is the undisputed right

to judgment as a matter of law; not simply the absence of a fact question." *Id.* at 380.

On appeal plaintiff does not contend that there are any issues of material fact, but raises two legal issues. First, it argues that the trial court retrospectively applied § 249.-255 to reach its result, and that such application is unconstitutional. Second, it argues that MSD was not authorized by contract or ordinance to impose liens on real property.

## I.

For its first point plaintiff asserts the trial court erred in finding that the MSD notices of lien were superior to the earlier filed Boatmen's deeds of trust because "retrospective application of section 249.255 R.S.Mo. is unconstitutional and inconsistent with the plain language of the statute and MSD's ordinances." Section 249.255 reads as follows:

1. Should a public sewer district created and organized pursuant to constitutional or statutory authority place a lien upon a customer's property for unpaid sewer charges, the lien shall have priority as and be enforced in the same manner as taxes levied for state and county purposes.

This court has held that this section does not apply retrospectively, that is, it does not grant priority to sewer liens over deeds of trust recorded prior to the statute's enactment. *Gershman,* 851 S.W.2d at 769.

■■ Both of Boatmen's deeds of trust were recorded before this statute became effective. Accordingly, this statute may not be used to give the sewer liens priority over Boatmen's deeds of trust. However, the trial court's order was not necessarily based on a retrospective application of the statute. As one of its grounds for its motion for summary judgment, MSD asserted its authority to enact ordinances to enforce collection of delinquent sewer service charges by imposing liens. MSD stated that ordinances in effect at the time all the deeds of trust on Parcels 1 and 2 were recorded provided that MSD liens had priority over deeds of trust. The trial court could have based its order on the authority of the MSD ordinances. In fact, the trial court had to base its order on the authority of the MSD ordinance with

respect to Parcel 1 because Boatmen's deed of trust was foreclosed on that parcel before the statute was enacted. We do not find error caused by a retrospective application of § 249.255.

## II.

■ For its second point plaintiff asserts the trial court erred in finding that MSD had authority to enforce collection of its sewer service charges by imposing liens on real property "because no lien authority was provided by the contract with the freeholders which established MSD or by a duly enacted ordinance thereafter."

Section 30(a), art. VI of the Missouri Constitution authorized the people of the City and County of St. Louis to establish an area-wide sewer district. Pursuant to that provision, freeholders were selected who prepared a proposed Plan for a Metropolitan Sewer District, which was adopted by the voters in a special election on February 9, 1954. The Plan has been held constitutional. *State ex inf. Dalton v. Metropolitan St. Louis Sewer District,* 365 Mo. 1, 275 S.W.2d 225 (Mo. banc 1955). *See also Gluck v. Terminal R.R. Ass'n of St. Louis,* 702 S.W.2d 476, 480 (Mo. banc 1986).

Section 30(b), art. VI of the Missouri Constitution provided that, upon adoption by the voters, the plan "shall become the organic law of the territory therein defined, and shall take the place of and supersede all laws, charter provisions and ordinances inconsistent therewith relating to said territory."

The authority to prepare such a district plan is a broad grant of legislative power to the freeholders (with confirmation by the voters) similar to the grants in Sections 18, 19 and 20, Article VI, giving certain counties and cities the right to frame, adopt and amend their own charters. It is even greater because their plan supersedes conflicting laws. It is a recognition of the fact that the St. Louis Metropolitan area has many problems which require "services common to the area"; and it warrants provisions for powers, essential to preservation of the public health and welfare, for a district such as this one

which, as hereinafter shown, exercises only governmental powers. The apparent intent is to give the freeholders, with the approval of the voters, power to do whatever the Legislature could ordinarily do with respect to the creation, organization and authority of such a district.

*Dalton,* 275 S.W.2d at 228.

The Plan provides that MSD trustees have the authority to enact ordinances. *See* Sections 1.020, 3.050, and 5.070. The Plan specifically gives MSD the power to establish by ordinance "a schedule or schedules of rates, rentals, and other charges, to be collected *from all real property served by the sewer facilities* of the District, ... and to collect or ˙enforce collection of all such charges." Section 3.020(16) (emphasis added).

The Plan gives MSD "all the rights, privileges, and jurisdiction necessary or proper" to execute its express and implied powers. Section 3.020(1). The Plan provides that "[t]he powers of the District shall be exercised in the manner prescribed in this Plan, or, if not prescribed herein, in such manner as may be prescribed by the Board." Section 1.020.

> It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the following powers and no others: first, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; third, those essential to the declared objects and purposes of the corporation—not simply convenient, but indispensable. Any fair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation and the power is denied.

State ex rel. *Curators of University of Missouri v. McReynolds,* 354 Mo. 1199, 193 S.W.2d 611, 612 (Mo. banc 1946), quoting Dillon, Municipal Corporations (1911) § 237.

■ From its inception MSD has provided by ordinance for enforcement of collection of delinquent sewer service charges by lien. "[A] lien is recognized to be a charge upon property, either real or personal, for the payment or discharge of a particular debt or duty in priority to the general debts or duties of the owner." 51 Am.Jur.2d Liens § 1. *See also* 53 C.J.S. Liens § 2; *Dysart v. State Dept. of Public Health & Welfare,* 361 S.W.2d 347, 353 (Mo.App.1962). A lien is a right to have the debt satisfied out of the property. *Dysart,* 361 S.W.2d at 353. Liens can only be created by agreement or by some fixed rule of law. *Goodrich v. Rhodes,* 261 S.W.2d 391, 393 (Mo.App.1953). Subject to constitutional limitations, the legislature may provide for liens to secure the payment of debts. 51 Am.Jur.2d Liens § 36; 53 C.J.S. Liens § 9.

In this case the freeholders, exercising legislative power, expressly gave MSD the power to collect and enforce the collection of sewer charges from the property served. Under these circumstances, the power to collect and enforce collection of charges from the property served necessarily includes the power to impose a lien for those charges on the property served.[1] Accordingly, we find that MSD has the authority to enact ordinances authorizing liens on the property served for delinquent sewer service charges.

■ However, whether MSD had the power to enact an ordinance which gave its liens priority over deeds of trust presents a different question. The legislature has the power to change the priorities of liens and to give a statutory lien priority over other liens. 53 C.J.S. Liens § 14; 51 Am.Jur.2d Liens § 57. The legislature has the power to give a statutory lien priority over other liens where the lien is in the nature of a public charge. 51 Am.Jur.2d Liens § 57. Prior to 1991 no Missouri statute gave MSD sewer liens priority over deeds of trust. MSD's Plan does not expressly give the trustees the power to give its sewer liens priority over deeds of trust.

---

1. The Missouri legislature has given this same power to statutory sewer districts. Service charges of these districts are against the property served. Delinquent service charges of statutory sewer districts are liens on the property served. *See* § 204.455 RSMo (1986) (liens for sewer service charges of common sewer districts formed pursuant to § 204.250 et seq.); § 249.645 RSMo (Cum.Supp.1991) (liens for sewer service charges of public sewer districts created by county commission pursuant to § 249.430 et seq.); and § 249.785 RSMo (1986) (liens for sewer service charges of sewer district in second class counties formed pursuant to Section 249.763 et seq.).

Further, this power was not necessarily implied in or incident to the powers expressly granted in the MSD Plan to collect or enforce collection of sewer charges. Legislative enactments which grant sewer liens priority over prerecorded deeds of trust affect the substantive rights of lien holders. *Gershman,* 851 S.W.2d at 767. That is, such enactments take away or impair vested rights acquired under existing law, or create a new obligation, impose a new duty, or attach a new disability to past transactions. *Id.* Lien priority defines the extent of the parties' rights by regulating the order of payment. *Id.* It is not merely a procedural method of enforcing a right. *Id.* For this reason, the express power to collect and enforce collection of sewer charges does not carry with it an implied power to reorder lien priorities. In the absence of legislative authority or express or implied authority in its Plan, the MSD Board did not have the power to enact ordinances giving its liens priority over previously recorded deeds of trust.

### III.

MSD has moved to strike portions of plaintiff's reply brief on the grounds that plaintiff impermissibly raised the issue of MSD's authority to enact ordinances providing MSD liens with priority for the first time in its reply brief. Plaintiff adequately raised this issue in its original brief. This motion to strike is denied.

MSD has also moved to strike that portion of plaintiff's brief requesting costs in the trial court and on appeal. Trial costs are awarded pursuant to Rule 77.01. Costs on appeal are awarded pursuant to Rule 84.18. Because costs are determined by rule, this motion to strike is denied as moot.

We affirm that part of the judgment finding that MSD was empowered to enforce collection of its sewer service charges by imposing liens on the real property served. We reverse the remainder of the judgment and remand.

KAROHL and CRAHAN, JJ., concur.