Danny R. SCHWEIGERT, Plaintiff/Appellant,

v.

V.P. BRAXTON, III, and Karin Braxton, his wife, Defendants/Respondents.

No. 66186.

Missouri Court of Appeals, Eastern District, Southern Division.

July 18, 1995.

Raymond R. YOUNGER, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 50575.

Missouri Court of Appeals, Western District.

July 18, 1995.

Before ULRICH, P.J., and LOWENSTEIN and ELLIS, JJ.

### ORDER

1991 (S.B. 138, 1991 Mo. Laws p. 733) and further modifications were made in 1993 (C.C.S. No. 2 H.C.S.S.B. 236, 1993 Mo. Laws p. 691). We review this case with these statutory changes and dates in mind.

On July 22, 1988, plaintiff filed his petition. On November 7, 1989, the trial court conducted a hearing on plaintiff's petition. The trial court entered its order on December 18, 1989. In that order, the court found that plaintiff's land was landlocked and he was entitled to establish a private road, pursuant to § 228.340, RSMo 1986. Also, the trial court appointed three commissioners to mark out a 30 foot road and assess damages.

Time went by without any apparent action on the part of the three commissioners. On February 7, 1991, plaintiff filed a "Request for Appointment of Substitute Commissioners." Plaintiff asked the court to either appoint new commissioners or establish a deadline for the commissioners to report.

The trial court met with the commissioners and the parties' attorneys on March 15, 1991. Implicitly, the request was denied. More than two years after this meeting, the commissioners filed their report on April 1, 1993.

We digress from the recitation of the pleadings. Between the March 15, 1991 meeting and the April 1, 1993 report, the General Assembly in 1991 repealed §§ 228.340 et seq. RSMo 1986. In their place, the General Assembly adopted §§ 228.342 et seq. RSMo Cum Supp.1991, effective August 28, 1991.

New § 228.358 RSMo Cum Supp.1991 provides:

Within ten days after notification of the commissioners' report, either party may file exceptions to the report and assessment of damages. If no exceptions are filed, the court shall enter a judgment establishing or widening the private road and assessing the damages as set forth in the commissioners' report to be paid by the plaintiffs to the defendants. If either party files exceptions, the court shall impanel a jury and conduct a trial to determine the amount of damages to be paid by the plaintiffs to the defendants.

Terry R. Rottler, Ste. Genevieve, for appellant.

Maurice B. Graham, David R. Sallee, Fredericktown, for respondents.

GRIMM, Chief Judge.

In this action for establishment of a private road by necessity, the trial court found plaintiff's property was landlocked. The court appointed commissioners who marked out the road and assessed damages. The trial court accepted the commissioners' report. Plaintiff appeals; we dismiss the appeal as untimely.

I.

While this action was pending in the trial court, the General Assembly twice amended the sections concerning the establishment of private roads. A substantial rewriting of §§ 228.340 et seq. RSMo 1986 occurred in

Neither party filed objections to the commissioners' report within ten days of April 1, 1993. However, about nine months later, on January 13, 1994, plaintiff filed a "Motion to Modify Report or Appoint Substitute Commissioners." On May 5, 1994, the trial court took up the motion and denied it. Thereafter, the trial court entered its judgment, establishing the road at the location the commissioners recommended and awarding defendants the sum the commissioners determined.

## II.

In his first two points, plaintiff alleges the trial court erred in approving the commissioners' report because the report (1) was defective and failed to comply with state statutes and (2) awarded excessive damages. In his third point, he alleges the trial court erred in failing to appoint new commissioners. In response, defendant contends that we do not need to address these contentions because plaintiff did not raise objections to the report in a timely manner. We agree.

At the time the petition was filed, the proceedings were controlled by § 283.350, RSMo 1986, *et seq.* Section 228.400, RSMo 1986, permitted a defendant-landowner to object to the commissioners' report within ten days after it is filed. If a defendant-landowner objected, a jury would determine damages. The statute was silent as to what a plaintiff should do if the plaintiff was aggrieved by the commissioners' report.

In 1991, this law was changed. Now, "[w]ithin ten days after notification of the commissioners' report, either party may file exceptions to the report and assessment of damages." § 228.358, RSMo 1994. If no exceptions are filed, the court shall enter judgment establishing the road and assessing the damages as set forth in the commissioners' report. *Id.*

The decisive issue is whether the quoted statute, § 228.358 RSMo Cum Supp.1991, should be applied retroactively. If so, plaintiff failed to file exceptions in a timely manner.

■ Article 1, § 13 of the Missouri Constitution provides that "no expo facto law, nor law ... retrospective in its operation ... can be enacted." However, there are two exceptions to this rule: (1) where the statute is procedural only and does not affect any substantive rights, and (2) where the legislature manifests a clear intent that the statute be applied retroactively. *Brennecka v. Director of Revenue,* 855 S.W.2d 509, 511 (Mo.App. W.D.1993). Clearly, the legislature has not indicated a clear intent that the statute be applied retroactively. Therefore, our discussion turns to whether the statute is procedural.

■ "Substantive law defines the rights and duties giving rise to the cause of action, while procedural law prescribes the method of enforcing rights and carrying on the suit." *Gershman Inv. Corp. v. Duckett Creek Sewer Dist.,* 851 S.W.2d 765, 767 (Mo.App.E.D. 1993). Substantive laws take away or impair vested rights acquired under existing law, create a new obligation, impose a new duty, or attach a new disability to a past transaction. *Id.*

■ We find that § 228.354, RSMo 1991, is purely procedural in nature. This statute does not define rights or grant a cause of action. Rather, it prescribes the method of obtaining review of the commissioners' findings. Plaintiff was bound by the ten day time limitation. Accordingly, his exceptions were filed out of time.

■ The statute does not expressly state the result of a plaintiff not filing exceptions. However, the necessary implication is that, unless exceptions are filed, the proceedings are complete and therefore end. *See Leavenworth Terminal Railway & Bridge Co. v. Atchison,* 137 Mo. 218, 37 S.W. 913, 914 (Div. 1 1896); *State ex rel. Root Levee Dist. of Carroll County v. Root,* 219 S.W.2d 398, 399 (Mo.App.W.D.1949).

■ The commissioners' report was filed April 1, 1993. When exceptions were not timely filed, the proceedings ended. Plaintiff's notice of appeal, filed May 26, 1994, was untimely. We therefore lack jurisdiction and dismiss the appeal.

SIMON and CRAHAN, JJ., concur.