In the Matter of D.S.K., N.B.K. and B.N.K. By and Through Their Next Friend, J.J.K., Respondents,

v.

D.L.T; Respondent, R.S.K.; Appellant, K.S.T., M.T., C.T., and V.T., Respondents.

No. WD 76789.

Missouri Court of Appeals, Western District.

Dec. 31, 2013.

Jonathan Sternberg, Kansas City, MO and Richard L. Becker, Gladstone for appellant.

Sarah E. Recker, Parkville, MO; Jacob A. Pruett, Platte City, MO, for respondents.

Before Division Three: KAREN KING MITCHELL, Presiding Judge, LISA WHITE HARDWICK and GARY D. WITT, Judges.

LISA WHITE HARDWICK, Judge.

R.S.K. ("Husband") appeals the circuit court's order denying his motion to intervene as a matter of right in a paternity action filed by J.J.K. ("Wife"). In the paternity action, Wife sought to have her deceased paramour, D.L.T., declared the father of three children born during her marriage to Husband. On appeal, Husband contends he had a right to intervene in the paternity action to assert his claim for third-party custody and visitation. For reasons explained herein, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

Husband and Wife were married in 1993. During the marriage, Wife gave birth to three children: a son, who was born in 2001, and twins, who were born in 2004. In October 2011, Husband and Wife separated.

### *Dissolution of Marriage Action*

Husband filed a petition for dissolution of marriage in February 2013. In his dissolution petition, Husband alleged that the three children were born of the marriage, and he asked the court to award him and Wife joint physical and joint legal custody. In Wife's answer and counter-petition, however, she alleged that all three children were "born during the marriage but not of the marriage." She asserted that Husband was not the children's biological father and, instead, that her deceased paramour, D.L.T,[1] was their father. Wife denied that awarding her and Husband joint physical and joint legal custody would be in the children's best interests. In response to Wife's counter-petition,

Husband denied that the children were not his biological children.

Wife subsequently moved for an order requiring Husband to participate in paternity testing. Over Husband's objection, the court granted the motion. The paternity tests excluded Husband as the biological father of any of the children. Husband then filed a motion for temporary visitation and a motion for a custody investigation or, alternatively, for the appointment of a therapist for the children. He also moved for leave to file an amended petition for dissolution of marriage to assert a claim for third-party custody and visitation. Wife opposed the motions. She argued that, because the paternity tests excluded Husband as the biological father of any of the children, the children were not "of the marriage." Thus, Wife contended that the court had no jurisdiction over the children in the dissolution action and should deny all of Husband's motions pertaining to the children. The court entered an order denying all of Husband's motions.

### *Paternity Action*

The same day that Wife filed her answer and counter-petition in the dissolution of marriage action, she filed a petition for declaration of paternity. The paternity action was assigned to the circuit judge who was also hearing the dissolution of marriage action. Wife named D.L.T. as the respondent in the paternity action[2] and Husband as a third-party respondent.[3] Wife asked the court for an order that determined the children's paternity and directed the Bureau of Vital Statistics to accurately list the children's biological father, and she also asked for "such other

---

1. D.L.T. died on July 9, 2012.

2. Wife sought and obtained a respondent ad litem for D.L.T., and she opened a probate case in which she sought the appointment of a personal representative for D.L.T.'s estate.

3. Wife also named as third-party respondents D.L.T.'s widow, his two children from a prior marriage, and his grandmother. They were later dismissed from the paternity action and are not parties in this appeal.

relief as this Court deems just and proper." She did not ask for any other specific relief. In his answer to Wife's paternity petition, Husband denied that he was not the children's biological father.

After the paternity tests excluded Husband as the children's biological father, Husband moved to dismiss himself from the paternity action on the basis that Section 210.834, RSMo 2000,[4] required his dismissal. Section 210.834.4 provides that, whenever blood tests show that a presumed or alleged father is not the child's biological father, "such evidence shall be conclusive of nonpaternity and the court shall dismiss the action as to that party."

When Husband filed the motion to dismiss himself as a third-party respondent from the paternity case, he simultaneously filed a motion to intervene in the case as a matter of right. In the motion, he alleged that he was the only father the minor children had ever known and that he was their primary parent. He further alleged that the paternity judgment that the court ultimately enters "may include provisions concerning the custody of the minor children and visitation privileges with the minor children." Husband asserted that he had an interest relating to the minor children and that no other party to the paternity action adequately represented his interests. Thus, he requested leave of court to intervene and to file his proposed motion for third-party custody and visitation.

■ In response, Wife agreed with Husband that he should be dismissed from the paternity action because he was excluded as the children's biological father. Wife opposed Husband's motion to intervene in

the case. On the same day that the court entered its order denying Husband's motions in the dissolution of marriage action, the court entered an order granting Husband's motion to be dismissed from the paternity case and denying his motion to intervene as a matter of right in that case. Husband appeals the denial of his motion to intervene in the paternity case.[5]

## STANDARD OF REVIEW

■ We will affirm the denial of a motion to intervene unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *In re Liquidation of Prof'l Med. Ins. Co.*, 92 S.W.3d 775, 778 (Mo. banc 2003). Motions to intervene as a matter of right, like the one before us, are typically decided based upon the motion, pleadings, counsel's arguments, and suggestions in support or opposition to the motion. *Allred v. Carnahan*, 372 S.W.3d 477, 483 (Mo.App.2012). The circuit court usually does not hear any evidence or make any declarations of law. *Id.* Instead, the decision to grant or deny the motion "is one involving application of the law." *Id.*

## ANALYSIS

■ In his sole point on appeal, Husband contends the court erroneously applied the law in denying his motion to intervene in the paternity case. He argues he was entitled to intervene as a matter of right pursuant to Rule 52.12(a)(2). To intervene as a matter of right under Rule 52.12(a)(2), Husband had

---

4. All statutory references are to the Revised Statutes of Missouri 2000, as updated by the Cumulative Supplement 2012.

5. An order denying a motion to intervene as a matter of right is appealable. *Allred v. Carnahan*, 372 S.W.3d 477, 482 (Mo.App.2012) (cit-

ing *State ex rel. Reser v. Martin*, 576 S.W.2d 289, 290–91 (Mo. banc 1978)). We granted Husband's motion to stay the proceedings in Wife's paternity case until hand down of this opinion.

to establish: (1) an interest relating to the property or transaction that is the subject of the action; (2) that disposition of the action may impair or impede his ability to protect that interest; and (3) that the existing parties are not adequately representing his interest. *Allred*, 372 S.W.3d at 484. The rule is to be construed liberally to permit broad intervention. *Eakins v. Burton*, 423 S.W.2d 787, 790 (Mo.1968).

 The interest required to intervene as a matter of right " 'must be a direct claim upon the subject matter such that the intervenor will either gain or lose by direction operation of judgment.' " *Allred*, 372 S.W.3d at 484 (quoting *State ex rel. Nixon v. Am. Tobacco Co.*, 34 S.W.3d 122, 128 (Mo. banc 2000)). The interest " 'must be a direct and immediate claim to, and have its origin in, the demand made or the proceeds sought or prayed by one of the parties to the original action.' " *Id.* (citation omitted). A "consequential, remote[,] or conjectural possibility of being affected as a result of the action" is not sufficient to support intervention as a matter of right. *In re Clarkson Kehrs Mill Transp. Dev. Dist.*, 308 S.W.3d 748, 753 (Mo.App.2010).

In this case, Husband contends he has an interest in the paternity action entitling him to intervene because the children's custody is at issue in the paternity case, and he wants to assert a claim for third-party custody. Wife's paternity petition did not assert a claim for custody, however. The facts alleged in her petition stated only a claim for paternity, and she made

no request for a custody determination. See *T.W. ex rel. R.W. v. T.H.*, 393 S.W.3d 144, 151 (Mo.App.2013) (noting that "pleadings serve 'the greatest utility in defining issues of a case' " and that, to comply with Rule 55.05's pleading requirements, "[a] party must state the facts entitling her to relief and asking the court for the remedy desired" (citations omitted)).

Nevertheless, Husband argues that, whenever paternity is at issue in a case, custody is necessarily also at issue. In support of this argument, he cites Section 210.841.3, which sets out the contents of a paternity judgment. Section 210.841.3 provides that a paternity judgment must contain each party's Social Security number, and it *"may contain* any other provision directed against the appropriate party to the proceeding" concerning child support, custody, visitation, the furnishing of a bond or other security, or any matter in the child's best interest. (Emphasis added.)

While Section 210.841.3 provides that a paternity judgment "may contain" a provision concerning child custody, the statute does not require the judgment to do so. Indeed, even when a custody claim is properly raised in a paternity petition, Section 210.841.3 "does not independently authorize the grant of relief beyond a determination of paternity; it simply specifies what *may* be included in a judgment when the UPA action is joined with other actions." *DeWitt v. Lechuga*, 393 S.W.3d 113, 117 (Mo.App.2013).[6] Just as Section 210.841.3

---

**6.** In *DeWitt*, we held that, even though a Missouri court had the statutory authority to decide a father's paternity claim because the child was conceived in Missouri, it did not have the statutory authority under the UCJEA to decide his custody claim because the child's home state was California. 393 S.W.3d at 119–20. Husband uses *DeWitt* 's holding to argue that, because Missouri is the

home state of Wife's three children for all purposes, the paternity action in this case will "necessarily" determine their custody. We disagree. If Missouri had been the child's home state in *DeWitt*, the circuit court would have had the authority to determine custody and would have done so because custody was raised as a claim in the paternity petition. Here, while the circuit court may have the

does not provide independent statutory authority for the court to grant relief on issues of custody, visitation, and support when those issues are raised in a paternity action, the statute does not automatically make custody, visitation, and support issues in every paternity action. Rather, all Section 210.841.3 does is allow a paternity judgment to include provisions concerning custody, visitation, and support when those issues are properly raised in the paternity action and the court has the statutory authority to address them. In this case, no issues other than paternity were raised in the paternity action. Contrary to Husband's contention, this is solely a paternity case.

Husband argues that, even if custody is not at issue in Wife's paternity case, his third-party custody claim still constitutes an interest entitling him to intervene as a matter of right because it is "related to" the paternity action. While both the paternity case and third-party custody claim concern the children, Husband's right to bring a third-party custody claim does not afford him a "direct claim" upon the subject matter of the paternity action, such that he will either gain or lose by direct operation of the paternity judgment. See *Allred*, 372 S.W.3d at 484. The subject matter of the paternity action is the determination of the children's biological father. Husband has already been excluded as the children's biological father. He will neither gain nor lose by the court's determin-

ing who the children's biological father is. The court's paternity determination will not impact the need for Husband to raise a third-party custody claim if he wishes to seek custody of Wife's children, and it will not impair or impede his ability to do so.

Husband argues, however, that the paternity case is the only action in which he can assert his third-party custody claim, because he cannot assert it in the dissolution of marriage case. We agree with Husband that the court does not have the authority in a dissolution proceeding to determine the custody of children not born of the marriage or adopted by the parties. *Warlop v. Warlop*, 254 S.W.3d 262, 263 (Mo.App.2008). See also *In re Marriage of Said*, 26 S.W.3d 839, 843 (Mo.App.2000) (holding that the issue of custody was "foreign to the dissolution action" because the husband was not the natural father, but that the husband could seek to intervene to assert a third-party custody claim in a pending custody modification proceeding between the child's natural parents). Merely because Husband cannot assert his third-party custody claim in the dissolution proceeding does not foreclose him from raising it in a separate action. In *In re T.Q.L.*, 386 S.W.3d 135 (Mo. banc 2012), the Missouri Supreme Court found that the appellant's petition, in which he asserted a claim for third-party custody, sufficiently stated such a cause of action under Section 452.375.5(5)(a).[7]

authority to determine custody (to the exclusion of any other state's court) because Missouri is the children's home state, the court cannot do so because custody was not raised as a claim in the paternity petition.

7. During oral argument, Husband contended that *Hastings v. Van Black*, 831 S.W.2d 214 (Mo.App.1992), requires that he assert his third-party custody claim in the paternity proceeding. Specifically, Husband argued that *Hastings* holds that, once an action in which custody is at issue is concluded, a third party

cannot later raise a custody claim. As we have already noted, however, custody is not at issue in Wife's paternity proceeding. Moreover, Husband misreads *Hastings*. In *Hastings*, the plaintiff stepfather attempted to intervene in a dissolution proceeding between the child's natural parents nine years after judgment had been entered in that dissolution. *Id.* at 214. His purpose for intervening was to assert a third-party visitation claim. *Id.* This court affirmed the denial of his *motion to intervene* because judgment had already been

Thus, although Husband failed to establish that he had an interest in the paternity case entitling him to intervene as a matter of right, nothing prevents him from asserting his third-party custody claim as an independent cause of action.[8] The circuit court did not err in denying Husband's motion to intervene in Wife's paternity action. We deny Husband's point on appeal.

### CONCLUSION

The circuit court's order is affirmed.

**ALL CONCUR.**

---

entered in the dissolution case and, therefore, "there was no pending action or suit in which the court was called upon to exercise its jurisdiction over [the child]." *Id.* at 215. *Hastings* stands only for the proposition that, for a motion to intervene to be granted in an action, the action must still be pending. *Id.* at 216. The case does not address whether a subsequent independent action for third-party custody is permissible, as the plaintiff sought

only to assert his third-party custody claim through a motion to intervene in the dissolution proceeding. *Id.* at 215–16. Pursuant to *T.Q.L.*, an independent action for third-party custody is permissible.

8. We express no opinion on the sufficiency of Husband's proposed petition or the merits of his third-party custody claim.