STATE of Missouri ex rel. Shelly
Stitt KOBAYASHI, Relator,

v.

The Honorable Richard L. PARKER,
Respondent.

No. WD 54954.

Missouri Court of Appeals,
Western District.

June 16, 1998.

David B. Parman, Albany, for Relator.

Todd Moulder, Raymore, for Respondent.

Before SPINDEN, P.J., and EDWIN H.
SMITH and HOWARD, JJ.

HOWARD, Judge.

Relator Shelly Stitt Kobayashi and her late husband, Michael Stitt, were divorced on January 21, 1993. Relator was awarded custody of the couple's two children, David Allen Stitt, born October 10, 1989, and Tina Rochelle Stitt, born December 17, 1990. Michael Stitt died in a motor vehicle accident on March 24, 1995.

On December 30, 1996, Clayton Stitt, the children's paternal grandfather, filed a motion to intervene and modify the decree of dissolution to make him the children's primary custodian. The motion claimed that the change in custody was necessitated by relator's parental unfitness. Relator filed a motion to dismiss Stitt's pleading, and in an order entered on August 25, 1997, relator's motion was denied by respondent, the Honorable Richard L. Parker, judge on transfer of the Circuit Court of Harrison County. The order offered the following rationale for the trial court's action:

> To deny [the paternal grandfather] the right to intervene in this action would effectively prevent him the opportunity to be heard. The Court does not accept the contention that his remedy is to ask the juvenile officer to bring an action. In a juvenile court proceeding the paternal grandfather would lack standing to participate in a custody determination because he would not be an "interested person" within the meaning of Chapter 211 RSMo. The existence of the prior custody order would prohibit the grandfather from pursuing other custody proceedings such as guardianship or habeas corpus. As a practical matter, intervention in this proceeding is the only remedy available to Clayton Stitt. Section 452.375.4(3)(b) RSMo provides any person may petition the court to intervene as a party in interest at any time as provided by supreme court rule. This right to intervene is limited by subpart (a) to subsection (3). This subpart limits intervention to those situations where each parent

has been found unfit, unsuitable, or unable to be a custodian. The fitness of a parent to have custody of the children is a factual issue to be determined in an evidentiary hearing. Following the hearing, the motion to intervene should be granted if a finding of unfitness is made and the motion should be denied if a finding of unfitness is not made. The motion to intervene should not be dismissed without first conducting an evidentiary hearing on the issue of unfairness.

Respondent then scheduled an October 20, 1997 evidentiary hearing on the issue of relator's fitness to be the children's custodian.

 On October 2, 1997, relator filed a petition for writ of prohibition to prevent respondent from taking further action on Stitt's motion to intervene and modify the decree of dissolution. Relator contends that Stitt cannot intervene in the dissolution action at this point, and that respondent should be directed to sustain her motion to dismiss. This court issued a preliminary order in prohibition, and such order is now made absolute.

Previous holdings by this court dictate that the trial court is without jurisdiction to consider Stitt's motion to intervene and to modify the decree of dissolution. In *In re Marriage of Tuttle*, 764 S.W.2d 99 (Mo.App. W.D. 1988), as in the case at bar, a grandparent attempted to intervene in a dissolution case to gain custody after the entry of the decree and after one of the parties (the grandparent's daughter) died. The trial court sustained the father's motion to dismiss the grandparent's pleading on the ground that the continuing jurisdiction of the trial court abated upon the death of the mother, and that, after the mother's death, exclusive jurisdiction over the children was vested in the juvenile court pursuant to § 211.031, RSMo 1994.[1] In affirming the trial court, this court held that, after the death of a parent, the trial court loses jurisdiction as to the awarding of custody of the children. 764 S.W.2d at 101.

 In *Hastings v. Van Black*, 831 S.W.2d 214 (Mo.App. W.D.1992), a purported stepfather moved to intervene to gain visitation rights after the decree of dissolution had been entered in the case. As in the case at bar, the stepfather relied upon what is now § 452.375.5(3)(b), contending that the statute authorized any person to intervene as a party in interest at any time. This court affirmed the trial court's denial of the stepfather's motion, finding that there was no pending action in which the stepfather could intervene. 831 S.W.2d at 215.

The preliminary writ in prohibition is made absolute.

All concur.

---

1. In response to the trial court's concern that Stitt would be without remedy if not allowed to intervene, we note that § 211.177.1, RSMo 1994 provides that "[a] grandparent shall have a right to intervene in any proceeding initiated pursuant to the provisions of this chapter in which the custody of a grandchild is in issue, unless the juvenile judge decides that considering a motion to intervene by the grandparent that such intervention is against the best interest of the child."